THE STATE at Relation and to Use of OBE HENSON v. T. J. BROWN ET AL., MEMBERS OF PUBLIC SERVICE COMMISSION, Appellants.— 31 S. W. (2d) 208.

Division One, September 4, 1930.

*D. D. McDonald* and *J. P. Painter* for appellants.

*Omer E. Brown* for respondent.

FRANK, J.—This is an appeal from a judgment of the Circuit Court of Cole County setting aside a part of an order made by the Public Service Commission.

On February 15, 1928, respondent filed with the Commission an application for a certificate of convenience and necessity to operate a motor vehicle for the transportation of passengers for hire over a proposed route leading from the town of Chadwick over a county road to Sparta. From Sparta over State Highway No. 14 to Ozark, and from Ozark over State Highway No. 65 through Galloway to Springfield.

This bus line has been continuously operated over the proposed route for a period of fourteen years, during which time its ownership passed from hand to hand, finally passing into the hands of respondent who makes the present application for a certificate of convenience and necessity.

Section 11 of the Public Service Commission Act relating to motor bus regulation (Laws 1927, p. 409) provides as follows:

"Every motor carrier actually operating in good faith, rendering satisfactory and dependable service by motor vehicles that come under the provisions of this act on the first day of December, 1926, shall be presumed to be necessary to public convenience and such motor carriers shall in the absence of evidence overcoming such presumption receive a certificate for routes established by them."

Respondent invokes this statute and contends that he is entitled to a certificate of convenience and necessity because the undisputed

evidence heard by the Commission showed that on December 1, 1926, he was the owner of and was in good faith operating the bus line in question, rendering satisfactory and dependable service.

We do not so read the record. Respondent emphatically stated several times during the course of his testimony that he was not the owner and operator of this bus line on December 1, 1926. In addition to this, he testified that he had been operating the line for himself only four or five months prior to the hearing which occurred in March, 1928. Respondent relies on the testimony of witness Jernigan, a former owner of the line who sold it to respondent. Prior to selling the line to respondent, he had sold it to another party and took back a mortgage to secure the purchase price. He foreclosed this mortgage and got the line back before selling it to respondent. Jernigan testified that respondent began operating the line for himself in November (meaning November, 1926). Respondent relies on this testimony to support his contention that he owned and operated the line on December 1, 1926. Respondent overlooks the further testimony of this witness:

"Q. I believe you gave the date you foreclosed the mortgage? A. I think it was the first day of January we fixed the papers up.

"Q. How did Mr. Henson begin the operation of something he received from you if you didn't foreclose the mortgage until January? A. Well, Bonner was supposed to take this up and he (meaning respondent) was driving for them or under them, but I don't know what kind of a deal they made. . . .

"Q. You did not have any interest you could turn over to Mr. Henson until you foreclosed the mortgage, did you? A. No."

True the evidence shows that respondent was driving the bus on December 1, 1926, but he was driving it for the then owner and he expressly so states in his testimony. The evidence is conclusive that respondent was not the owner and operator of the bus line on December 1, 1926, therefore the statute does not give rise to any presumption in his favor, but the burden was on him to prove that the proposed operation of this bus line was necessary for public convenience.

As bearing on the question of necessity and public convenience, the evidence showed that the St. Louis-San Francisco Railway parallels this proposed bus line and runs a train one round trip each day from Chadwick to Springfield. In addition to this, it was shown that four licensed bus lines operated over this proposed route, two from Sparta to Springfield, one from Ozark to Springfield and one from Galloway to Springfield.

Respondent testified that most of his passengers were persons going from Chadwick and Oldfield and to Ozark, the county seat; that most of his Springfield passengers were from the vicinity of Chad-

wick and Oldfield.; that he made no attempt to get much business from Ozark and Galloway to Springfield, and from Ozark to Springfield he made no schedule stops. He also testified that it would not be satisfactory to operate between Chadwick and Sparta and there transfer his Springfield passengers to another bus line.

After the Commission heard the evidence, it made the following finding of facts:

"After a careful consideration of all the evidence in this case, the Commission is of the opinion that between Sparta and Springfield and Ozark and Springfield over the route which the applicant seeks to serve, ample motor transportation service is being provided by Bonner Brothers, A. M. Watts and the White River Bus Company, the first two operating from Sparta to Springfield, and the last named, from Ozark to Springfield. Two additional bus lines, that of J. M. Hartley and Roy Batemen, who operate as motor carriers from Mountain Grove to Springfield, pass over that portion of the route herein between Galloway and Springfield. It appears, therefore, that ample motor bus service is being rendered over all of that portion of the route herein lying between Sparta and Springfield.

"The testimony shows that because of the fact that persons living at Chadwick and between Chadwick and Sparta, who desire to go to Ozark, Springfield and other points north of Chadwick, the proposed bus line will be a necessity and convenience, and the Commission is therefore of the opinion that public convenience and necessity reasonably required the applicant to engage in motor bus operation over said route, and that a certificate of convenience and necessity authorizing him to operate as a motor carrier for the transportation of passengers from Chadwick and points between Chadwick and Sparta over a county road, State Highway No. 14 and State Route U. S. No. 65 to the City of Springfield, should be granted, but that the applicant should not be permitted to receive passengers at Sparta destined to Springfield or to any point between Sparta and Springfield, nor to receive passengers at Springfield destined to Sparta or to any point between said cities, or to receive passengers at either of said cities for points between said cities. In other words, the authority to the applicant should be limited to the transportation of passengers from Chadwick and points between Chadwick and Sparta to points on said route north of Sparta, and from points north of Sparta to that portion of said route south of Sparta."

The Commission further found that a certificate of convenience and necessity authorizing applicant to operate a motor carrier in accordance with above finding should be issued, and then made the following order:

"That Obe Henson, of Chadwick, Missouri, be, and he is hereby, authorized to operate as a motor carrier between Chadwick and Springfield, Missouri, over and along a county road in Christian County, State Highway No. 14 and State Route U. S. No. 65, for the transportation of passengers and their personal baggage, provided, however, that said applicant is refused permission to carry passengers between the towns of Sparta and Springfield on said route except such passengers as originate on the county road south of Sparta between Sparta and Chadwick whose destination is Ozark, Missouri, and that only such passengers may be carried out of Springfield, Ozark and Sparta, Missouri, whose destination is to some point on said county highway between Chadwick and Sparta."

This order is not supported by the finding of facts. The Commission found that respondent should be authorized to accept passengers originating at Chadwick and at points between Chadwick and Sparta for transportation to any point between Chadwick and Springfield, but the order made by the Commission prohibits respondent from transporting such passengers between Sparta and Springfield unless their destination was Ozark.

While the finding of facts made by the Commission was supported by substantial testimony, and while it appears from such finding, what order the Commission intended to make, we cannot correct the order or make an order in accordance with the finding of facts. The court's authority in cases of this character is limited to an affirmance or reversal of the order made by the Commission. [Sec. 10522, R. S. 1919; State ex rel. Rutledge et al. v. Public Service Commission et al., 289 S. W. 785, 787.] As the order is not supported by the Commission's finding of facts, it cannot stand.

Although the order of the Commission must be reversed for reasons already stated, we deem it proper to call attention to the fact that the judgment of the circuit court was erroneous in that it attempted to substitute its judgment for the judgment of the Commission by authorizing respondent to receive and discharge passengers at all points along the proposed route. The authority of the circuit court is limited to an affirmance or reversal of the order of the Commission. [Sec. 10522, R. S. 1919; State v. Public Service Commission, 308 Mo. 359, 272 S. W. 957; State v. Public Service Commission, 316 Mo. 233, 289 S. W. 785.]

Respondent contends that where the order made by the Commission is separable into two or more distinct orders, not dependent on each other, the court may affirm the lawful and reasonable orders, and set aside such as it may find unlawful or unreasonable. This rule has no application to the facts of this case. The order made by the Commission is not separable and it must either stand or fall in its entirety.

For the reasons stated, the judgment of the circuit court is reversed and the cause remanded with directions to the circuit court to set aside its judgment and enter up judgment setting aside the order of the Public Service Commission, and remand said cause to the Commission for such further proceeding as the parties may see fit to take not inconsistent with this opinion. All concur.