STATE OF MISSOURI AT THE RELATION OF NORMAN B. PITCAIRN AND FRANK C. NICODEMUS, RECEIVERS OF THE WABASH RAILWAY COMPANY, APPELLANTS, v. PUBLIC SERVICE COMMISSION OF MISSOURI, RESPONDENT.—110 S. W. (2d) 367.

Kansas City Court of Appeals. November 27, 1937.

*Honer Hall, R. W. Hedrick* and *J. H. Miller* for appellants.

*Nat S. Brown* and *Frank E. Atwood* of Counsel.

*James P. Boyd* and *Daniel C. Rogers* for respondent.

SHAIN, P. J.—This is an appeal from the action of the Circuit Court of Cole County, Missouri, affirming the report and order of the Public Service Commission of Missouri, in case T-318 entitled: In the matter of the application of W. P. Sutton for a certificate of convenience and necessity to operate intrastate as a freight-carrying motor carrier over an irregular route.

This case is before us for review by the mandate of the Supreme Court of Missouri. In so far as this court is concerned, we enter an uncharted field in so far as any assumption of jurisdiction or declarations of law by this court touching the acts of the Public Service Commission are concerned. It follows that the most available light for our guidance is the conclusions reached and principles laid down by the Supreme Court during the many years that Court assumed exclusive jurisdiction in matters of final appeal from the findings and orders of the Commission.

Since the duty of review has been bestowed upon this Court, we have made somewhat diligent research as to the limitations upon the scope of our duty and find limitations prescribed by statute and court mandate. There is a limitation however that transcends stat-

ute and court mandate. We allude to our want of jurisdiction to pass upon constitutionality of legislative enactment.

This want of jurisdiction is a more 'manifest restriction of jurisdiction in public service questions for the reason that, in our review, we are reviewing the actions of a body which is neither legislative nor court, but a committee created by legislative act to make findings of fact and orders that, if reasonable and within the powers conferred, may be enforced by the actions of courts. [A. T. & S. F. Ry. Co. v. Public Service Commission, 192 S. W. 460.]

An order of the Commission may be within its power and within the reason of the legislative act and a potent reason for the order being unreasonable and unjust might be by reason of the fact that the statute violates some constitutional right.

The preliminary remarks above are due to the fact that the only abstract of the record before us is one filed in the Supreme Court and therein is shown that a constitutional question was raised in the proceedings before the Commission. However, briefs have been filed in this court and there appears no direct constitutional question raised by the assignment of errors in the brief of appellant filed in this court. However, we desire that litigants may understand that an assignment of errors to the effect that the orders of the Commission are "unreasonable, unjust and unlawful" must be considered by this Court from the standpoint that the legislative act that gives authority, if so, for the order, is reasonable, just and lawful, regardless of any personal opinion the members of this court may have to the contrary.

STATEMENT OF PLEADINGS AND FACTS.

On December 9, 1936, the petitioner, W. P. Sutton, filed application with the Public Service Commission of Missouri for a certificate of convenience as a freight-carrying motor carrier over an irregular route.

Applicant designated his principal place of business as on his farm, three miles south of Columbia, Boone County, Missouri.

Applicant states that he operates one truck in the business and that he purposes to operate from his farm in Boone County, Missouri, post office R. 8, in Boone and surrounding counties.

Applicant further alleges that he has operated for the past two years and that he has a regular group of customers he has served during said two years and that he can obtain this business if granted permit.

It is shown that the Receivers of the Wabash Railway filed protest to aforesaid application, the nature of which will more clearly be shown by exceptions made that will be considered below.

At the hearing before the Commission the applicant testified in

substance, that he had lived in Boone County all of his life and engaged in farming. He further testified that, for a little better than two years, practically, all of his time had been consumed in the transfer business with one truck. Further that he had operated in Boone and surrounding Counties; 95 percent of his business confined to Boone County and that 5 percent of his business called him out of Boone County. He testified that the commodities he hauled and intended to haul, are stock, fuel of all kinds, coal, lumber and some furniture, and that about 75 percent of his business was in hauling stock into town and from one farm to another; that when he hauled from farm to market, he brought back fuel, coal, lumber, roofing, fencing and such articles as were wanted; that he had hauled a load of furniture from Kansas City; that his purpose in asking for certificate as freight carrier over an irregular route is to operate regularly to bring back something to the farmers and that he had about fifty or sixty regular customers located in Boone County, Missouri, and that he has been serving his patrons satisfactorily and that he can be located at his home by telephone.

It further appears from the evidence that applicant had not engaged in hauling from town to town and that it was only when he had taken a load of stock into town he brought back merchandise that the farmers wanted.

It appears that the applicant filed a verified financial statement, also, a tariff schedule covering rates and testified that as based upon said rates, he had made a reasonable profit.

As to the applicant's petition to operate in the state he testified that his position is subject to call, "I pick up anywhere I might be called," further that he asks privilege of picking up in Boone County and transporting in the state with the privilege to go any place in Missouri and transport to Boone County. Applicant testified that his truck is in good condition; that he has no claim for damages; that trucking is his principle business; and that he is insured against public liability and able to take out insurance required by the Commission.

On cross-examination, applicant testified as follows:

I have not hauled anything from Columbia up to Centralia, Sturgeon, Thompson or any other points along the Wabash except I did haul one load of seed oats to Clark. Just one load.

"Q. Well, outside of the four or five times you mentioned, then, your operations have been confined to Boone County? A. Yes."

At the hearing before the Commission, applicant's petition was sustained and certificate of convenience and necessity was issued on the ground that the applicant under the evidence had shown that he had been operating in good faith and rendering satisfactory and good service on December 1st, 1930, and entitled to the presumption

that the services rendered by him are necessary for the public convenience as prescribed by Section 5277 of Missouri Bus and Truck Law of 1931.

The limitations of public necessity are set forth as follows:

"Ordered: 1. That certificate of convenience and necessity No. T-318 be and the same is hereby issued to W. P. Sutton of Columbia, Missouri, for authority to operate as a freight-carrying motor carrier over an irregular route as follows: Local hauling to and from all points in Boone County and counties adjacent to Boone County, and from this territory to any point in Missouri and from any point in Missouri to this territory; subject to the limitations contained in the Missouri Bus and Truck Law of 1931 concerning the operation of a motor truck as a common carrier for hire over an irregular route, and with the motor vehicles having the motor numbers and weight-carrying capacities more particularly described in the application and transcript of the testimony herein filed."

The relators herein filed petition for rehearing. The same was overruled by the Commission and the cause was submitted to the Circuit Court of Cole County, Missouri, and the findings and orders of the Commission were affirmed by the judgment of the said Circuit Court and relators have duly appealed.

The appellants make "Assignment of Errors" under five heads.

However the case is presented to us under three specifications under "Points and Authorities" as follows:

"The applicant failed to prove facts showing that he was entitled to the benefit of the presumption authorized by Section 5277 of the Bus and Truck Law (Laws of Missouri 1931, p. 315), to the extent of the authority granted by the order of the Commission, and the Circuit Court erred in affirming the order of the Commission.

"The record fails to establish the facts necessary to give rise to the presumption authorized by Section 5277 (Laws of Missouri 1931, p. 315), and the burden was on the applicant to prove that the operation proposed to be performed as a common carrier over an irregular route was necessary for the public convenience.

"The report and order of the Commission are unreasonable, unjust and unlawful in designating and describing Boone County and adjacent counties as territory served by the applicant, and authorizing the applicant to operate as a motor carrier from any point in that territory to any point in Missouri and from any point in Missouri to any point in that territory, because there was no evidence to support said report and order."

OPINION.

The appellants in support of their first point, cite State ex rel. etc. v. Public Service Commission, 324 Mo. 270; State ex rel. Hen-

son v. Brown, 326 Mo. 230, and State ex rel. Alton Transp. Co. v. Public Service Commission, 329 Mo. 1139.

We gather from these cases that the Public Service Commission has discretion within defined limits and that the Court of Review has no such discretion. Further that reports and orders of the Commission must be reviewed as in equity and that the reviewing judge makes his own finding of facts, but that the only application he can make of same is to determine from said finding whether or not the order under review is reasonable or unlawful and if so affirm, if not set aside.

The appellants, in their first point, claim there were not sufficient facts shown to base a presumption under Section 5277 of the act of 1931, which is often referred to as the "grandfather clause."

The evidence before us is to the effect that the applicant was, on or before December, 1930, operating over Boone and surrounding Counties, and had operated from his base to Kansas City, Missouri, to Clark, Missouri, and Argyle, Missouri. The testimony is that he has a fair clientele and a properous business and had given dependable and satisfactory service.

The Supreme Court of Missouri has declared that the dominating purpose of the Public Service Commission is to promote the public welfare. Such being the case even a member of a court, who has sojourned much in rural communities prior to motor transportation and knows of shrinkage in driving of stock from farm to market, might be presumed to have some judicial knowledge of promotion of public welfare by the advent of the truck. Be the above, as it may, the law as provided by section 5247, Revised Statutes 1929, places the burden of proof upon the one who seeks to set aside the orders of the Commission. Basing our conclusion on the evidence before us and upon the fact that no contradictory evidence is shown, we dispose of appellants' Point I, by stating that we conclude that the appellants have not met the burden.

Appellant's Point II is very like Point I, and the same cases are cited as in Point I.

We conclude what we have said in consideration of Point I has application as to Point II, especially so, in that we should give such construction to the orders of the Commission as will effectuate the legislative intent.

We conclude the order touching irregular route, the evidence before us being considered, is reasonable and lawful when viewed by the legislative intent as to carriers engaged in business on December 1, 1930, as expressed in section 5277, Laws of Mo. 1931, p. 315.

Further as to appellants' Point II, the burden is clearly upon one, who applies for a certificate of convenience and necessity, to prove

the necessity. [State ex rel. v. Public Service Commission, 329 Mo. 1139.]

As the underlying purpose of the Public Service Commission is the promotion of the public welfare, it is but right and just that one seeking the use of our highways for commercial purposes ought to have the burden of proving necessity. Especially so, in that such use brings the element of danger to the traveling public. However the language of statute and the pronouncement of the Supreme Court considered, it appears to be the theory of the law that the committee of the legislative body is in a better position to determine as to such matter than is a court of review.

In section 5251, Revised Statutes of Missouri, 1929, it is provided that "substantial compliance" is sufficient and liberal construction must be given.

In State ex rel. v. Pub. Service Commission, 287 Mo. 522, 229 S. W. 782, we are told that the reasonableness depends upon whether it is arbitrary, capricious or unlawful. Under the law as enacted, we conclude that the evidence shown meets the requirement of burden of proof.

With the above as our guide, we give consideration of the legislative acts as written. In so doing we conclude, the law and the evidence before us considered, that the act of the Commission in permitting service, from the base in Boone County, Missouri, to any point in Missouri, and from any point in Missouri, to any point in that territory, cannot be concluded to be arbitrary, capricious or unlawful, and therefore conclude that appellants' Point III is not sustained by the showing in the record.

Based upon our conclusions above the judgment of the Circuit Court affirming the actions of the Commission is affirmed. All concur.