STATE OF MISSOURI at the relation of PUBLIC SERVICE COMMISSION OF THE STATE, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals.—119 S. W. (2d) 220.

Court en Banc, August 8, 1938.

868

*James H. Linton,* General Counsel, and *Daniel C. Rogers,* Assistant Counsel, for Public Service Commission.

*H. H. Larimore, Geo. W. Holmes, Thos. J. Cole* and *R. W. Hedrick* for respondents.

TIPTON, J.—This is certiorari to the Kansas City Court of Appeals to review the judgment of that court in the case of State ex

rel. and to use of Alton Railroad Co. et al. v. Public Service Commission et al., reported in 110 S. W. (2d) 1121, wherein that court reversed the judgment of the Circuit Court of Cole County which affirmed the report and order of the relator in fixing a maximum rate for bituminous coal and bituminous coal briquettes of steam railroads, in intrastate carload lots, for distances from 25 to 95 miles.

Respondents, in their opinion, stated the facts as follows:

"It appears that the Public Service Commission in case No. 8966, of May 6, 1935, instituted an investigation as to the reasonableness and lawfulness, etc., of intrastate charges in carload lots, by steam railroads, of the products set forth above. The appellants herein were made defendants in said investigation.

"It appears that there had been two previous orders made by the commission concerning intrastate shipments of the kind here in issue, to-wit: Order No. 6608, 18 Mo. P. S. C. 546, and order No. 7210, 18 Mo. P. S. C. 555.

"We gather from the record, and from a copy of the report, that the commission had prescribed in the above orders intrastate rates from all coal origin points in Missouri, to destination in Missouri.

"We gather, further, that instant investigation involves the question of scaling down the aforesaid rates to meet a change of condition growing out of use of public highways for increased motor carriage by trucks.

"The reasons upon which the order in this case is predicated is exposed as follows:

" 'The general expression of these retail coal dealers who handle rail-hauled coal exclusively is that while such coal is generally better prepared than truck-hauled coal and their services are more valuable than those of truck operators because they maintain a storage supply, extend credit and generally are reliable respecting weights, they have fared very poorly in meeting the truck-hauled competition and cannot further reduce retail prices unless mine prices or transportation costs are reduced.' "

The questions decided by respondents as stated in the opinion are as follows:

"Point II of appellants' brief (this brief was filed in this court) presents a constitutional question.

"This question was disposed of in the Supreme Court on the grounds that same had not been raised in petition for review.

"It follows that there are but two points presented for our review.

"Point I is as follows: 'The order entered by the Public Service Commission of Missouri, and here under review, is clearly invalid because unsupported by testimony.'

"Point III is as follows: 'The order of the Public Service Commission here under review is clearly invalid because such Commis-

sion is wholly without authority when fixing reasonable maximum rail rates to give consideration to rates by truck or to any competitive situation brought about by reason of truck rates. Any testimony having to do with rates by truck is wholly incompetent, irrelevant and immaterial when the Public Service Commission is called upon to fix reasonable maximum rail rates, and such Commission erred in receiving and giving any effect to such testimony.'

"Points I and III are closely allied by reason of the fact that the testimony which has application, if so, must be considered with respect to the authority of the commission to act in the matter."

In passing on these questions, the respondents ruled that:

"In reviewing the orders of the Public Service Commission, this court must confine itself to a construction of the statute in determining as to whether or not the commission acts within the authority of the statute.

"From an examination of Section 5167, Revised Statutes 1929 (Mo. Stat. Ann., sec. 5167, p. 6573), we conclude that the commission has authority, on its own motion or upon complaint, upon a hearing, to determine and fix just and reasonable rates, fares, and charges for common carriers operating in the state of Missouri, and to enforce same as maximum to be charged.

"We conclude that the commission, in the case at bar, had full authority to act within the scope of authority given.

"In the determination of rates, the statute, supra, specifically provides matters that must be considered as follows: 'The commission shall, with due regard, among other things, to a reasonable average return upon the value of the property actually used in the public service and to the necessity of making reservation out of income for surplus and contingencies, determine the just and reasonable rates, fares and charges to be thereafter observed and in force as the maximum to be charged for the service to be performed, notwithstanding that a higher rate, fare or charge has been heretofore authorized.'

"We do not hold, of course, that the above is all that can be considered by the commission; but we do hold that an order of the commission should not stand that does not give full consideration of above matters.

"It is evident, from the showing of the record herein, that the commission by its order herein is attempting to readjust short haul rates in Missouri to conform to conditions that have arisen since orders made in its cases Nos. 6608 and 7210 were made effective.

"From the order itself it is manifest that a moving factor in the conclusion is centered upon consideration of coal operators and coal dealers situate on lines of railroad, and whose business is affected by reason of competition with coal operators and dealers availing themselves of transportation by motor trucks. . . ."

"It must be conceded that the rates fixed by orders Nos. 6608 and 7210 were made with due regard for reasonable return, etc., and therefore were reasonable and lawful. To change said rates, we conclude, requires a changed condition that makes the above rates unreasonable and unlawful within the meaning of the statute.

"We conclude that the fact of a truck hauler, whose service is inferior, in delivery of an inferior prepared product, in having no storage supply, in having no system of credit and perhaps inferior in service respecting weights, hauls at a less rate than that fixed for the railroad as reasonable and lawful does not present such a changed condition as to justify of the lowering of the rate fixed for the railroad. . . .

"It is our opinion that the order of the commission, before us for review, is not based upon evidence from which it can be rightfully concluded that the rates as formerly fixed have become unreasonable and unlawful. Such being so, the commission was without authority to make the order in issue herein.

"We conclude, for reasons above set forth, that the order made in Public Service Commission case No. 8966, before us for review, is unreasonable and unlawful, and that it was error for the Circuit Court of Cole County, Mo., to affirm said order. Such being our conclusion, the judgment of the circuit court is reversed."

█ This case was argued and briefed as if it were here on the merits; many cases cited are opinions of other courts. "In proceedings of this kind, we are concerned only with the question of conflict, and we look only to the opinion of the Court of Appeals for the facts, as has been sufficiently enunciated heretofore. (Citing cases.)" [State ex rel. Missouri Mut. Assn. v. Allen et al., 336 Mo. 852, 78 S. W. (2d) 862, 1. c. 863.] Contentions not decided by the Court of Appeals cannot be made the basis of a ruling quashing its record on certiorari on the grounds that the opinion is in conflict with decisions of this court. [State ex rel. City of St. Joseph v. Ellison, 223 S. W. 671.] Nor is evidence not considered by the Court of Appeals reviewable. [State ex rel. Silverforb v. Smith et al., 43 S. W. (2d) 1054.] The purpose of certiorari is to secure uniformity in opinions and harmony in the law. [State ex rel. Himmelsbach v. Becker et al., 337 Mo. 341, 85 S. W. (2d) 420.]

█ With these principles in mind, then the only possible question for our review is: Does the opinion of the respondents conflict with any opinion of this court? In other words, have we ruled the fact that trucks transport coal at a cheaper rate than that established as the maximum rate for transportation of coal by rail to be competent evidence on which to base a lower railroad rate, in view of Section 5167, Revised Statutes 1929, which, among other things, provides that: "The commission shall, with due regard, among other

things, to a reasonable average return upon the value of the property actually used in the public service and to the necessity of making reservation out of income for surplus and contingencies, determine the just and reasonable rates, fares and charges to be thereafter observed and in force. as the maximum to be charged for the service to be performed, notwithstanding that a higher rate, fare or charge has been heretofore authorized.''

We have not been cited nor have we found any opinion of this court ruling this question. We have ruled that the orders of the commission must be based upon competent substantial evidence. [State ex rel. City of St. Louis v. Public Service Commission, 329 Mo. 918, 47 S. W. (2d) 102; State ex rel. and to use of Henson v. Brown, 326 Mo. 230, 31 S. W. (2d) 208; State ex rel. City of Harrisonville v. Public Service Commission, 291 Mo. 432, 236 S. W. 852.] Respondents have the right to hold that the appellant in that court sustained the burden to overcome the prima facie reasonableness and lawfulness of the order of the relator. We have repeatedly ruled that rates established by the commission are prima facie lawful and reasonable, and the burden of proof is upon the party seeking to set aside such order. [State ex rel. and to use of Henson v. Brown, supra; State ex rel. Southwestern Bell Tel. Co. v. Public Service Commission, 233 S. W. 425.] Respondents ruled that appellants sustained that burden. It is not our province to determine if their ruling is sound or unsound. [State ex rel. Silverforb v. Smith et al., supra.] We find that we have not ruled the question in case; consequently, there can be no conflict.

As previously stated, this case was argued and briefed as if it were here on the merits. Other points are raised in relator's brief but they deal with the merits of the case and are points not ruled by the respondents in their opinion; consequently, the question of conflict is not before us. We will not lengthen this opinion by discussing them.

It follows that our writ, heretofore issued, should be quashed. It is so ordered. All concur.