STATE OF MISSOURI, at the Relation of CITY OF KANSAS CITY, CITY OF ST. LOUIS, CITY OF UNIVERSITY CITY, CITY OF KIRKWOOD, CITY OF TRENTON, and COUNTY OF ST. LOUIS, Relators-Respondents, CITY OF LAMAR, Intervenor-Respondent, v. PUBLIC SERVICE COMMISSION of the STATE OF MISSOURI, MORRIS E. OSBORN, KYLE D. WILLIAMS, HENRY McKAY CAREY (successor to John P. Randolph), CHARLES L. HENSON and E. L. McCLINTOCK, as Members of Said Public Service Commission, Defendants-Respondents, SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Intervenor-Appellant, No. 42491—244 S. W. (2d) 110.

Division One, December 10, 1951.

*Chas. H. Mayer* for appellant; *John Mohler* and *George E. Ashley* of counsel.

*David M. Proctor,* City Counselor, and *Jerome M. Joffee,* Special Utilities and Legislative Counsel, for respondent Kansas City; *James E. Crowe,* City Counselor, and *Forrest G. Ferris, Jr.,* Associate City Counselor, for respondent City of St. Louis; *Marvin E. Boisseau,* City Counselor, for respondent University City; *John Torrey Berger,* City Attorney, for respondent City of Kirkwood; *John J. McAtee,* County Counselor, for respondent County of St. Louis; *L. A. Warden,* City Counselor, for respondent City of Trenton; *Dalton Schreiber,* City Attorney, for respondent City of Clayton; *Honorable Tyre W. Burton,* General Counsel, for respondent Public Service Commission.

COIL, C.—Appeal from a judgment of the Circuit Court of Cole County ordering intervenor-appellant, Southwestern Bell Telephone Company, to make restitution to telephone subscribers in the total sum of approximately $370,000, which sum the court found had been unlawfully (in excess of applicable rates) collected from the subscribers during the period February 1, 1949 to and including March 9, 1949.

A review of the history of the proceedings giving rise to this appeal is necessary for an understanding of the issue here involved. All dates, unless otherwise indicated, are in 1949.

On January 18 the Public Service Commission (hereinafter sometimes referred to as commission) made an order, effective February 1, approving rate schedules which contemplated an increase in the gross intrastate revenue of Southwestern Bell Telephone Company (hereinafter sometimes referred to as company) of $3,228,000. The report and order was signed by two commissioners, one commissioner concurring in result; no concurring opinion was filed until a later date. Interested parties filed motions for rehearing. On January 31 the commissioner who had noted concurrence filed a separate concurring opinion. On February 1 the commission overruled all motions for rehearing.

Thereafter, applications for writs of review were filed in the Circuit Court of Cole County by various parties including Kansas City.

On February 5, at the same time it filed its application for a writ of review, Kansas City filed its motion for immediate reversal of, or for the stay and suspension of, the order of the commission.

On February 21 the circuit court rendered a judgment by which it sustained the motion of Kansas City for immediate reversal or stay and suspension in so far as the motion sought immediate reversal. The court reversed the order and remanded the cause to the commission for further proceedings. This judgment was based upon a finding by the circuit court that the commission's order of January 18 was a nullity and unlawful because the order when issued did not (until January 31 when the concurring opinion was filed) represent an order accompanied by findings of fact concurred in by not less than a majority of the five commissioners; and because the order as supplemented by the concurring opinion was unlawful in that it failed to give parties to the proceedings before the commission a reasonable

time within which to file motions for rehearing prior to the time when the order became effective.

St. Louis County appealed from this judgment. Further reference will be made to this appeal.

On February 25 the commission made a new and separate order (identical with the order of January 18 except in one minor detail) effective March 10. Certain interested parties, after motions for rehearing filed before the commission had been overruled, applied to the Circuit Court of Cole County for writs of review.

On March 12, at the same time that it filed its application for a writ of review, Kansas City filed a motion for immediate reversal of the order of February 25.

On March 21 the court rendered a judgment reversing the report and order of February 25 after sustaining the motion of Kansas City for immediate reversal. The basis for sustaining the motion and for the pursuant judgment was that the commission had no jurisdiction to enter the order of February 25. The reasons: because at the time the order was issued exclusive jurisdiction of the proceedings was in the circuit court and because a pending appeal to this court by St. Louis County from the judgment of the circuit court reversing the order of January 18 and remanding the cause to the commission gave this court exclusive jurisdiction of the proceedings while the appeal was pending.

Intervenor-company appealed to this court from the judgment of the circuit court reversing the order of February 25. State ex rel. Kansas City v. Public Service Commission, 360 Mo. 339, 228 S. W. 2d 738. As noted, St. Louis County had appealed from the judgment of the circuit court reversing the order of January 18 and remanding the cause to the commission for further proceedings. State ex rel. St. Louis County v. Public Service Commission, 360 Mo. 270, 228 S. W. 2d 1.

In concurrent opinions, this court held in one case that the judgment of the circuit court reversing the order of January 18, and remanding the cause to the commission for further proceedings, was not such a final disposition as to constitute an appealable judgment. We therefore dismissed the appeal by St. Louis County. St. Louis County v. Public Service Commission, supra. We held in the other case that the Public Service Commission did have jurisdiction to enter its order of February 25 and we therefore reversed the judgment of the circuit court to the contrary and remanded the case to that court for further proceedings consistent with our opinion. State ex rel. Kansas City v. Public Service Commission, supra.

After the mandate of this court in the last mentioned case was filed in the circuit court, all parties who had theretofore filed petitions for review withdrew or dismissed them. The circuit court, finding that all parties who had theretofore opposed the order of the com-

mission of February 25 had withdrawn all objections thereto, entered its judgment affirming that order of the commission. No appeal was taken, and thus the judgment affirming the commission's order of February 25 was final.

As part of the judgment of the trial court reversing the order of January 18 and remanding the cause for further proceedings, was the statement that the court retained jurisdiction to decide at a future date whether, under the circumstances of the case, the court had authority to order a refund of moneys collected by Southewestern Bell Telephone Company between February 1 (the effective date of the commission's order of January 18) and March 10 (the effective date of the commission's order of February 25) and, if so, whether a refund should be ordered.

On May 21 the trial court determined that it did have authority to make such an order and on December 21, 1950, after having heard arguments of counsel on September 29, 1949, the trial court entered the judgment from which the present appeal is taken. This judgment ordered the company, present intervenor-appellant, to make restitution, by refund or credit, of the moneys collected by it from telephone subscribers during the period February 1, 1949 to and including March 9, 1949, in excess of rates in effect prior to February 1, 1949, and imposing certain conditions, not important here, relating to the restitution so ordered.

Intervenor-appellant contends on this appeal that the judgment of restitution was in excess of the jurisdiction of the circuit court; that the court could proceed only in accordance with the statutes providing for review by the circuit court of orders of the Public Service Commission; that such statutes limit and define the court's jurisdiction in such review proceedings and confer no judicial authority to render a judgment for restitution. Respondents contend that the circuit court had the power and authority as part of its equity jurisdiction to order restitution.

Involved in, but not decisive of, the issue on this appeal is the construction of sections of the Public Service Commission Law, particularly Secs. 386.510 and 386.520 Mo. R. S. 1949.

Section 386.510 provides, inter alia, that the purpose of a writ of review is to have the reasonableness or lawfulness of an original order of the commission or of an order on rehearing determined; that the circuit court on review may enter one of four judgments, viz., affirm the order of the commission, reverse the order of the commission, reverse the order of the commission and remand the cause to the commission for any further action the commission may desire to take, or, in the event that the circuit court finds there is evidence which was properly proffered to the commission and rejected which should have been heard, then the court may reverse the order and remand the cause to the commission with specific directions to hear such evidence

and make a new order based upon the evidence theretofore heard and upon the evidence which the commission is directed to receive; that the circuit court only to the extent specified shall have jurisdiction to reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation of any. such order or decision; and that the trial of cases brought to review the orders of the Public Service Commission shall be tried and determined as suits in equity.

Paragraph 1 of Sec. 386.520 provides (1) that the issuance of a writ of review does not stay or suspend an order of the commission; (2) that the circuit court issuing a writ of review has discretionary power to stay or suspend the order of the commission, but only if the court, after a hearing held upon three days' notice to the parties litigant, finds on evidence adduced at the hearing that irreparable damage will result to the petitioner but for. the stay, and specifies in the stay order the nature of the irreparable damage; and (3) that, even though a stay is ordered, such stay shall not be effective until a bond is executed securing payment by petitioner for review of all damages caused by delay in the enforcement of the order of the commission and securing the repayment of all moneys which a person or corporation is compelled to pay for services in excess of the charges fixed by the order of the commission in the event that such order is sustained.

The fourth paragraph of the section provides that the court may require either additional security on the bond or an increase in the amount of the bond when it "may be necessary to secure the prompt payment of said damages or said overcharges."

Paragraphs 2, 3, and 5 of the section provide for the impounding of excess charges, procedure therefor, and for the disposition of the moneys impounded. These paragraphs apply only in cases wherein an order of the commission *reducing* rates is under review. The conclusion that paragraphs 2, 3, and 5 apply only to rate reduction orders seems clear from the plain language and, because of our view of this matter as will later appear, further analysis of these three paragraphs, to demonstrate the validity of the conclusion, would serve no useful purpose.

It is not clear, however, that the first paragraph of the section relating to a stay order applies only to orders *reducing* rates. The paragraph is susceptible of the construction that it applies to orders *increasing* rates, as in this case, as well as to orders *reducing* rates. It is contended by intervenor-appellant that the entire section applies only to orders *reducing* rates and that it is clear that the first paragraph so applies because the requirement therein for a suspending bond includes the provision that the bond shall be sufficient to secure the prompt payment by the party petitioning for review of damages caused by delay in the enforcement of the order *and* of all moneys which may be paid for service in excess of the charges fixed by the

order of the commission if such order is sustained. The contention is that when an order *increasing* rates is under review, there could be no payment for services in *excess* of the charges fixed by the order.

To the contrary, it could be contended with some force that it was the intention of the legislature to require a suspending bond by the petitioner for review to secure the payment of all damages caused by delay where the order involved is a rate *increase* order; and that the court will consider also, in determining the amount of the suspending bond, the excess charges to be paid only in the event the order is a *reduction* order.

It is not necessary, however, for us to decide in this case whether paragraph 1 of the section applies to rate *increase* orders as well as to rate *reduction* orders. This, for the obvious reason that the procedure provided for in paragraph 1 of the section was not followed in this case. That is to say, the circuit court did not enter an order staying or suspending the order of the commission after a hearing and after a finding of irreparable damage, nor require a suspending bond as provided in the statute.

Likewise, although, as we have said, we think it clear that the provisions of paragraphs 2, 3, and 5 of Sec. 386.520, relating to the impounding of funds and the distribution thereof apply only when rate *reduction* orders are under review and do not apply when rate *increase* orders are under review, nevertheless, the record in this case shows that no impoundment of moneys was ordered or accomplished.

In other words, whatever the power of a circuit court may be as to the impoundment of funds on review of a rate increase order under the provisions of Sec. 386.520, the circuit court in this case did not attempt to exercise any power or authority which may be conferred by that section. Thus, the questions of whether the circuit court could have ordered a stay of the commission's order or could have ordered the impoundment of funds, and whether, if the court had done so, it would have acted in excess of the judicial authority conferred by the statute, are not involved on this appeal and are not before us for decision.

 If we assume without deciding that all of Sec. 386.520 applies only in the review of rate *reduction* orders and does not apply in the review of rate *increase* orders, it would necessarily follow that the circuit court could not proceed in the review of a rate *increase* order by virtue of any authority contained in Sec. 386.520. Then the question of the judicial power and authority (and the nature and extent thereof) of a circuit court to grant to a petitioner for review of a rate increase order, injunctive relief pendente lite may arise. And this, even though Sec. 386.510 limits the power and authority of circuit courts and of this and of the courts of appeal on review of orders of the Public Service Commission. Lusk v. Public Service Comm., 277 Mo. 264, 273, 210 S. W. 72, 75; State ex rel. Anderson Motor Service,

Inc. v. Public Service Comm., 339 Mo. 469, 476, 97 S. W. 2d 116, 119; Chicago, B. & Q. R. Co. v. Public Service Comm., 266 Mo. 333, 346, 181 S. W. 61, 64; State ex rel. Henson v. Brown, 326 Mo. 230, 235, 31 S. W. 2d 208, 210. And this also, even though a court of general jurisdiction, when engaged in the exercise of a special statutory power, is confined strictly to the authority given by the statute, and a court of general jurisdiction, when exercising a special statutory power, is a court of limited jurisdiction. American Asphalt Roof Corp. v. Marler, Mo. App., 56 S. W. 2d 844; City of Kansas v. Ford, et al., 99 Mo. 91, 94, 12 S. W. 346, 347; Ross v. Pitcairn, Mo. Sup., 179 S. W. 2d 35, 38; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 1184, 111 S. W. 2d 103, 108; Norman v. Pennsylvania Fire Ins. Co., 237 Mo. 576, 584, 141 S. W. 618, 620.

Assuming then, that the court could not have lawfully proceeded under the provisions of Sec. 386.520 and considering the limits on the power and authority of circuit courts on review of orders of the Public Service Commission, still we do not here determine whether, or hold that, a circuit court in the review of a rate increase order, upon proper application, notice and hearing, may, or may not, lawfully grant injunctive relief in order to maintain a status quo necessary or desirable for the effective exercise of whatever limited power and authority is conferred upon it by the statute involved. That is to say, we are not here dealing with nor does the issue in this case involve the principle that a court may have inherent judicial power to make an order which because of the nature of the case may be essential to effectively exercise whatever the jurisdiction of the court may be, limited or otherwise. And we do not have before us a factual situation wherein a court may have inherent judicial power to make orders which are essential to give practical effect to its judgment or essential to preserve the subject of an action during its pendency and until final determination. State ex rel. Barker v. Assurance Co. of America, 251 Mo. 278, 158 S. W. 640; State ex inf. McKittrick v. American Colony Ins. Co., 336 Mo. 406, 80 S. W. 2d 876.

There are at least two reasons why we say we are not here concerned with these principles. First, the record in this case shows that no injunctive relief pendente lite was granted. No preliminary hearing was had, and no indemnity bond was required; essential preliminary steps to the granting of injunctive relief pendente lite. State ex inf. McKittrick v. American Colony Ins. Co., supra. Second, the circuit court entered no order nor did it attempt to enter any order essential or necessary to give practical effect to any judgment; nor was there any order which could have been necessary or essential to give practical effect to any judgment rendered in this case by the circuit court. Its one judgment reversed the order of the commission and remanded the cause for further proceedings, and its other judg-

ment reversed the order of the commission for lack of jurisdiction in the commission to enter the order. Likewise, there was no order entered, nor was one necessary, to preserve the *subject* of the pending action until final determination. The proceedings involved a review of a rate increase order. Any moneys paid by subscribers or collected by the company were not on this record the subject of these proceedings.

Further, the facts in this record make clear that this is not a case in which a court has acquired the custody of a fund. Where a fund *exists*, a court may have inherent judicial power to protect that fund for the benefit of those rightfully entitled thereto, even though there was no authority for the creation of the fund and even though the fund was created in violation of express statutory provisions, as in State ex rel. North British & Mercantile Ins. Co. Ltd. v. Thompson, 330 Mo. 1146, 52 S. W. 2d 472. In this case there was no fund in existence. No attempt was made to create one. There was no impounding order. There was no order made through the processes of injunctive relief ''ear-marking'' any moneys that might be paid by one to another during the pendency of the review proceedings.

Further, the record facts do not bring this case within the well-established rule applicable when a court by its erroneous judgment causes money or property to pass from one to another. In such factual situation the court rendering the erroneous judgment (or an appellate court reversing an erroneous judgment) has inherent judicial power and authority to summarily afford redress by an order in that same proceedings directing that the one receiving a benefit as the result of the erroneous judgment restore that benefit. Aetna Ins. Co. v. Hyde, 327 Mo. 115, 120, 34 S. W. 2d 85, 88; State ex rel. Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 282, 73 S. W. 2d 361, 366. Here the only erroneous judgment rendered by the circuit court was the judgment reversing the order of the commission of February 25 on the ground that the commission lacked jurisdiction to enter the order. No money was paid by subscribers to intervenor-appellant by reason of that judgment. This inherent judicial power and authority to order restitution in a proceedings not brought for the purpose of recovering that paid over or transferred, is based upon the right and duty of the particular court to restore that which has been taken away by the erroneous judgment of that court. It must follow, therefore, that no inherent judicial power and authority to make an order of restitution exists in a proceedings wherein the right of one to recover specific property is not in issue, in the absence of an erroneous judgment which caused a transfer of benefits which should be restored to the transferor.

The provisions of Sec. 386.510, heretofore mentioned, that the trial of suits brought to review the orders of the commission shall be tried and determined as suits in equity, does not confer general

equitable power upon the reviewing court. This language has been construed to mean ▮▮▮ that the reviewing court may, as in equity, make its own finding of facts but that, having made such finding, can only determine therefrom whether the order under review is a reasonable and lawful order and then render one of the four judgments provided by the statute. State ex rel. Detroit-Chicago Motor Bus Co. Inc. v. Public Service Comm., 324 Mo. 270, 275, 23 S. W. 2d 115, 117; State ex rel. Potashnick Truck Serv. Inc. v. Public Service Comm., Mo. App., 129 S. W. 2d 69, 72 (1st Col.).

To summarize: the proceedings in which the judgment of restitution here in issue was rendered was one in which the Circuit Court of Cole County had for review an order of the Public Service Commission; the court's power and authority on review was limited as heretofore noted by the terms of the statute conferring the power to review; no procedure was instituted or followed in the circuit court which stayed the commission's order, which created a fund, or which provided to petitioner any injunctive relief pendente lite; there was no order made to give effect to any judgment or to effectively exercise limited jurisdiction; there was no order made nor was one necessary to preserve the *subject* of the action pending final determination; there was no erroneous judgment by reason of which money or property passed from one to another. Under these record facts, a judgment in the statutory review proceedings ordering restitution was not within the judicial power and authority of the reviewing court. The order of restitution in this case ingrafted upon a statutory review proceeding a summary judgment of restitution which under the facts here could be rendered only in proceedings brought for the specific purpose of recovering the moneys in question; i. e., in a proceedings wherein the issues include the question of whether the money should be paid to the subscribers.

It is true that the circuit court is a court of general jurisdiction and that it has jurisdiction of the subject matter of restitution and that it had jurisdiction of the parties here; but the circuit court did not have the judicial power or the judicial authority to render the particular judgment it did render in the particular proceedings before it, as the status of those proceedings is disclosed by this record. Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 814[5], 118 S. W. 2d 3, 9.

Respondents, to sustain the action of the court in rendering the judgment, cite the following cases. State ex rel. v. Thompson, 330 Mo. 1146, 52 S. W. 2d 472, 475, 476; State ex inf. McKittrick v. American. Colony Ins. Co., 336 Mo. 406, 80 S. W. 2d 876, 887; Aetna Ins. Co. v. Hyde, 327 Mo. 115, 34 S. W. 2d 85, 88; State ex rel. v. Sevier, 335 Mo. 269, 73 S. W. 2d 361, 365, 366, 367. We have in this opinion cited each of these cases and have demonstrated by what we have said preceding such citations that they do not support respondents'

position. On the contrary, the principles of those cases as herein indicated, apply to factual situations unlike those in this case.

Other contentions of respondents as to the unlawfulness of the collections, as to the proposition that the Public Service Commission fixes rates prospectively and not retroactively and that a court cannot by decision assume rate-fixing power, and as to the proposition that intervenor-appellant should be required in law and equity to restore the excess rates collected, need not be discussed. This, for the reason that we here decide only that the circuit court was without judicial power and authority to render this judgment of restitution in the proceedings pending before it under the facts disclosed by the record.

The judgment is reversed. *Van Osdol* and *Lozier*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COIL, C., is adopted as the opinion of the court. All the judges concur.