Caldwell v. Stephens, et al.

————o————

JOSEPH T. CALDWELL, Respondent, *vs.* JACOB STEPHENS, *et al.*, Appellants.

1. *Practice, civil—Instruction assuming facts will not warrant reversal, when.*— An instruction which assumes as true, a fact in issue, is wrong; but where the evidence is clear and conclusive as to such fact, and there is no contradictory testimony, the giving of such instruction will not warrant a reversal of the cause.

2. *Ejectment—Verdict in—Possession of defendant—Finding as to.*—Under the statute relating to ejectment, (Wagn. Stat., 559, § 8,) the verdict of a jury that the right of property and right of possession is in plaintiff, is insufficient where defendant's possession at the time of commencing suit is denied in his answer.

3. *Judgment—Void for uncertainty as to parties.*—In a suit against two defendants, a judgment against "the defendant" is void.

4. *Judgment against married woman.*—A general judgment for damages and costs against a married woman is improper.

*Appeal from Clark Circuit Court.*

*Dryden & Dryden,* for Appellant.

*Givens & McKee, C. B. Matlock, and J. G. Blair,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This is an action of ejectment, brought originally for the recovery of four-ninths of a tract of land named in the petition; but, during the progress of the case, the plaintiff abandoned all claim to the land except as to one-ninth part thereof.

The action was commenced by the plaintiff against Jacob Stephens only, the defendant Margaret Stephens the wife of said Jacob, having been made a party during the progress of the case at her own request.

The defendants file separate answers. The defendant Margaret J. Stephens states that she is the wife of her co-defendant; denies the title of the plaintiff to the land in question; says that she is the owner in fee of the land and has possession in her own right adversely to plaintiff and all others.

The said defendant, as a further defense, avers that she and those under whom she claims have had and held, actual, exclusive, open, absolute and uninterrupted possession of said premises for ten years continuously next before the commencement of the suit, and denies any possession on the part of the plaintiff or those under whom he claims during the same period, and relies on the statute of limitations. And as a further defense, said defendant avers, that she purchased said land of John W. Perkins; that said Perkins, on the 21st day of November, 1853, purchased said lands of G. W. Sheckells and others; that the plaintiff, Caldwell, was present and advised and directed the purchase by said Perkins, and wrote the deed, assuring Perkins that the title was good, and that he would acquire a good title to the land; that Perkins was ignorant as to said title, but relied on plaintiff's representations, and in good faith purchased the land; that Perkins afterwards, at the solicitation of the plaintiff, purchased in a tax title to said land, plaintiff representing to said Perkins that the purchase of said tax title would give him a perfect title to the land when taken in connection with his former deed. Wherefore, defendant insists that plaintiff is estopped from denying the title of said Perkins or of defendant who claims under him.

The defendant, Jacob Stephens, denies the plaintiff's title, as set forth in the petition; denies that he is in possession of the land, or that he ever withheld the premises from the plaintiff; after which he relies on the title of his wife, setting up substantially the same defenses relied on by his co-defendant.

A replication was filed, putting in issue the affirmative allegations of the answer. And as to that part of the answer which relies on the bar of the statute of limitations, the plaintiff replies, that he claims title under a deed executed

by Jabez Brown and his wife Elizabeth, that said Elizabeth is a daughter and heir of one Peter Sheckells, who has long since been dead, and who died seized of the land in controversy ; that said Elizabeth was a married woman at the time of the death of her father and so remained up to the year 1871, at the time she conveyed the land to the plaintiff.

On the trial, the plaintiff abandoned all claim to the land named in the petition except as to one undivided ninth part of said land which was purchased by him from one Jabez N. Brown and Elizabeth Brown his wife. He then, to sustain the issues on his part, produced evidence as follows :

1st. A patent from the United States conveying the tract of land named in the petition to one Peter Sheckells, dated the 1st day of August, 1838. The plaintiff then read in evidence the deposition of Jabez N. Brown, by which it is shown, that witness and Elizabeth H. Sheckells were married in the year 1849, in Randolph county, Missouri, that said Elizabeth is a daughter of Peter Sheckells; that witness and his said wife sold to J. T. Caldwell all of the wife's 'interest in a quarter section of land in Clark county, Mo., as heirs of Peter Sheckells; that the consideration received for their interest in the land was fifty-five dollars. The witness also stated that something near twenty years since, one John W. Perkins had been to see witness and his wife with a view to purchase their interest in the same land conveyed to Caldwell, but that they had refused to sell the land to Perkins, and had never promised him the land on any consideration or under any circumstances whatever.

The plaintiff then read in evidence a deed from Jabez N. Brown and Elizabeth Brown his wife, dated March 30th, 1871, which deed purported to convey the interest of Brown and wife, in the land in controversy, to plaintiff.

The plaintiff next read in evidence the deposition of Mrs. Elizabeth C. Sheckells. It is shown by this deposition that the witness is seventy-two years old and is the widow of Peter Sheckells ; that Peter Sheckells had nine children ; that Elizabeth Brown is one of them ; that Elizabeth was married to

her present husband Jabez N. Brown, in the year 1849, (Oct. 9th); and that she and her husband are still living ; that Peter Sheckells died October the 9th or 10th, 1849.

The plaintiff then introduced evidence tending to prove the value of the rents and profits of the land in controversy and closed the evidence on his part.

The defendants on their part offered in evidence a deed purporting to be from Geo. H. Sheckells and others dated November, 21st, 1853, to J. W. Perkins, purporting to convey the land in controversy to said Perkins ; said deed being offered as color of title and as defining the extent of defendant's claim. The court admitted the deed to be read as color of title, remarking that its effect and extent would be regulated by instructions.

The defendant then offered in evidence a certified copy of a deed commonly called a tax deed, executed by Allen P. Richardson, register of lands, to one Thomas D. Ford, for the land in controversy. This deed was objected to by the plaintiff because said deed failed to show how said land was advertised for sale by the Register of lands. The recital in the deed being as follows: "And the Register of lands of said State, having on the first Monday of June, A. D., 1847, advertised the said real estate for sale according to law" &c. The court sustained the objection and the deed was rejected as evidence of title in defendants, and the defendants excepted. The court then permitted said deed to be read as color of title ; but not as showing the limits of the defendant's claim. The deed was then read for that purpose and is in about the usual form.

The defendant then read in evidence a deed from T. D. Ford to J. W. Perkins, dated December, 7th, 1853, for the same land ; next a deed for the same land from J. W. Perkins to defendant, Margaret Stephens, dated 30th April, 1864, and then introduced evidence which tended to prove the special defenses set up in their answer, and closed the evidence.

There were several objections made and exceptions saved to the rulings made by the court in receiving and excluding evidence during the trial; but no point is made on such exceptions in this court, for which reason they have not been noticed in the statement of the case.

The court instructed the jury, at the request of the plaintiff, as follows:

"1st. The patent read in evidence, conveyed the title of said land to Peter Sheckells, and upon the death of said Sheckells, his children and heirs were tenants in common, and if they shall believe that Perkins took possession of said land, claiming under a part of said heirs, then said Perkins and Mrs. Brown were tenants in common, and the possession of said Perkins was also the possession of Mrs. Brown; unless said Perkins claimed the same adversely to Mrs. Brown, and unless the jury so believe, then plaintiff is not barred by the limitation."

"2nd. If the jury believe from the evidence, that Mrs. Brown is one of the children and heirs of Peter Sheckells; that she was married to Jabez Brown in 1849; and that Perkins took possession of said land in 1853; and that Mrs. Brown continued to be a married woman up to the time of the conveyance to Caldwell, then the statute of limitations is no bar of the plaintiff's action in this case."

"3rd. Whatever tax title Perkins acquired to the land in controversy, enured to the benefit of Mrs. Brown, they being tenants in common of said land."

"4th. Even should the jury believe, from the evidence, that plaintiff induced Perkins to purchase the land in controversy, yet, if Caldwell only represented that the deed of Sheckells conveyed the interest of those signed to it, and that the Ford tax title would make his (Perkins) title as good as a government title, and that Perkins had consulted a lawyer who had told him the tax title was not good, and that Caldwell did not have any interest in the land at that time, then Caldwell is not estopped, by such representations, from bringing this suit,

38—VOL. LVII.

if such representations were made in good faith without any intent to defraud or injure Perkins."

"5th. If the jury believe from the evidence that all the representations that were made by Caldwell, as to the validity of Perkins' title, were made in regard to the interest of the five heirs, purchased by Perkins, and not as to the interest of Mrs. Brown, then the jury will find for the plaintiff, if the jury also find that Mrs. Brown was a married woman at the time Perkins took possession of said land, and continued to be such up to the time she conveyed to Caldwell."

"6th. If the jury find for the plaintiff, they will also allow him one-ninth of the reasonable rents and profits of said land from March, 1871, the date of Caldwell's deed from Mrs. Brown and husband."

The defendants, at the time, objected to each of the foregoing instructions, and saved their exceptions.

The defendants then asked the court to give the jury a number of instructions, all of which were refused, but as no point is raised on said instructions in this court, they need not be further noticed.

The jury returned a verdict for the plaintiff, which was in the following words: "We the jury find the right of property and right of possession in and to 1–9 of the property described in the petition, in the plaintiff, and assess his damages at the sum of seventy-one dollars. And we find the monthly value of rents and profits at $2.11–12. Alfred King, foreman."

Upon this verdict the court rendered a judgment against the defendant (without saying which of the defendants) for the possession of the land and for the damages, &c.

The defendants in due time filed their motion for a new trial, which being overruled by the court, they appealed to this court. The first objection insisted on by the defendants in this court is, that the court erred in giving the jury the first instruction asked for by the plaintiff. It is insisted that the court by said instruction assumes that Elizabeth Brown, the grantor of the plaintiff, was one of the children and heirs of Peter Sheckells, when the question whether she was a child

Caldwell v. Stephens, et al.

of Sheckells or not, was a question to be submitted to the jury. It was certainly necessary for the plaintiff, in order to a recovery in the case, to prove by the evidence that Mrs. Brown was one of the heirs of Peter Sheckells, and that fact should have been submitted to the jury with the other facts in the case, and not assumed by the court.

In this case, however, the evidence was very clear and conclusive on that subject, to the effect that Mrs. Brown was one of the children of Sheckells, and there is no pretense of any contradictory evidence on that subject.

Under this state of facts the court seems to have taken that fact as conceded, and in the instruction assumed it to be true. This was certainly wrong in strict law and practice, but under the circumstances of this case, we might not reverse the judgment for that error alone. (Barr vs. Armstrong, 56 Mo., 577.)

It is next insisted that the third instruction given by the court was also erroneous. By that instruction the jury are told "that whatever tax title Perkins acquired to the land in controversy enures to the benefit of Mrs. Brown, they being tenants in common of said lands."

This instruction is subject to the same objection that is taken to the first. It assumes that Mrs. Brown is an heir of Sheckells, and therefore a tenant in common in the land with Perkins, the grantor of defendants. And the instruction is further objectionable in this, that the tax deed had been excluded as evidence of title, and was only admitted by the court as color of title, the court at the time remarking, that the deed could not be admitted to show the extent of the defendants' claim.

It is difficult to see the object which the court had in view in admitting this deed in evidence as a color of title, and at the same time holding that it was incompetent to show the extent to which the defendants claimed, so as to show the extent of their possession in support of the plea setting up the bar of the statute of limitations. The very object of showing a colorable title, it seems to me, is to extend the possession beyond that part of the land in the actual occupation

of the party. But be that as it may, it was certainly out of place to instruct the jury in reference to any title which might be acquired by virtue of a deed that had been excluded from the evidence in the cause, for any such purpose.

The main and most material ground of objection made by the defendants, grows out of the verdict and judgment. It is contended by the defendants, that the verdict is not sufficient to authorize the judgment rendered, or in fact to authorize any judgment for the plaintiff in the case. The verdict finds that "the right of property and right of possession in and to 1–9 of the property described in the petition is in the plaintiff," and then assesses his damages at the sum of seventy-one dollars, &c.

The 8th section of our statute concerning the action of ejectment, (Wagn. Stat., 559) provides that, "to entitle the plaintiff to recover, it shall be sufficient for him to show that, at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof as is declared by this chapter to be sufficient to maintain the action." It will be seen that the verdict in this case finds only one of the facts required by the statute to be proved by the plaintiff to authorize a recovery. There is no finding that the defendants were in possession of the property when the action was commenced, or at any time.,

A general verdict for the plaintiff on the whole case might have been good; but here only one single fact is found which of itself is not sufficient to authorize a recovery.

It is insisted by the plaintiff, that the defendant, Margaret J. Stephens, by her answer admits her possession of the premises at the time the suit was commenced, and that, therefore, no finding by the jury was necessary on that subject. It is true that defendant, Margaret J. Stephens, admits her possession in her answer, and it is equally true that Jacob Stephens, the other defendant in his separate answer, denies his possession of the premises. How is the court, under such circumstances, to know how to render the judgment?

The judgment rendered in this case, upon the verdict, is wholly uncertain  It is a judgment against the defendant for the recovery of the possession of the premises and for the damages, &c.  If it is to be considered as a judgment against both defendants, it is certainly wrong as to Jacob Stephens, who has denied the possession of the premises, and there is no finding against him as to that fact, and a general judgment against Margaret for the damages and costs would be improper for she is a married woman, against whom no general personal judgment could be rendered.  If the judgment is only intended to be a judgment against one of the defendants, it cannot be told which is intended.  We think that the verdict is insufficient and the judgment improper.

The judgment will be reversed and the case remanded. Judge Wagner is absent, the other judges concur.