CHRIS BIMMERLE et al. v. ROBERT L. LANGDEAU, Plaintiff in Error.

**Division Two, May 26, 1914.**

1. **VERDICT: Ejectment: No Finding of Possession.** A special verdict for plaintiff in ejectment which fails to find that defendant was at any time in possession of the land, is not sufficient.

2. **INSTRUCTION: Ejectment: Limited to Surface Only.** An instruction for defendant in ejectment which limits plaintiff's right to possession to the surface of the thread of land sued for, is properly refused.

3. **DAMAGES: Ejectment: Excessive.** Where the testimony showed that the value of the property of which the two and a half inches sued for is a part, was forty dollars a front foot, an award of one hundred dollars as damages for the wrongful withholding of said thread of ground for about a year, was excessive.

Error to St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

REVERSED AND REMANDED.

*Albert E. Hausman* for plaintiff in error.

(1)   The verdict is insufficient to support the judgment or to support any judgment in this cause. Sec. 3060, R. S. 1899; Sec. 2389, R. S. 1909; Caldwell v. Stephens, 57 Mo. 589.   (2)   The verdict is the result of passion and prejudice and therefore should be set aside.   Doty v. Steinberg, 25 Mo. App. 328; Kaeltz v. Bleckman, 46 Mo. 320; Creve Coeur Lake v. Tamm, 90 Mo. App. 202; Meerberger v. Scharff, 51 Mo. App. 109.   (3)   The court erred in refusing to give instruction number 3 asked by defendant.   A party who is in full possession of his lot of ground cannot bring eject-ment.   Zander v. Valentine Blatz Br. Co., 95 Wis. 162; Rosch v. Noth, 99 Wis. 285.

*W. S. Campbell* for defendants in error.

(1)   No specific form of verdict is required in an ejectment suit by the statute or decisions.   A general verdict for the plaintiff is sufficient.   Lemmon v. Hart-sook, 80 Mo. 21; Buse v. Russell, 86 Mo. 216; Meier v. Meier, 105 Mo. 433.   (2)   A judgment for excessive damages can be corrected by *remittitur,* entered either in the trial or appeal court.   Franklin v. Haynes, 119 Mo. 571; Buse v. Russell, 86 Mo. 216; Ellis v. Con-struction Co., 60 Mo. App. 67; Keen v. Schnedler, 92 Mo. 525.   The rule that an excessive verdict should be set aside, and that a *remittitur* will not cure the error, cannot be applied to a case where a new trial on the same evidence would lead to the same result as would be reached by the judgment after entering the *remit-titur.*   Sherman v. Printing Co., 29 Mo. App. 39; Ray v. Thompson, 26 Mo. App. 436. (3) No error was made in refusing to give instruction number 3.   The owner of a lot or tract of land is entitled to the possession of said lot or tract of land not only on the surface, but both above and below the surface, and if he is deprived

of any part of that possession, he may recover it by ejectment. Sec. 2382, R. S. 1909.

WALKER, P. J.—Defendants in error brought suit in the circuit court in the city of St. Louis, in ejectment, against the plaintiff in error. Defendants in error in their petition claimed that they were entitled to a strip of ground two and one-half inches wide and fifty-five feet and two inches long, in Block 3776, in the city of St. Louis, and that plaintiff in error on November 16, 1908, entered into possession of same and unlawfully withheld such possession from them, to their damage in the sum of one hundred dollars, for which they ask judgment and for one dollar monthly rents and profits from the rendition of the judgment until the possession of the premises is delivered to them, and for all other relief.

The answer was a general denial.

The case was tried in December, 1909, before a jury, who found that the defendants in error were the owners of and entitled to the possession of the land described in the petition, and that they had sustained damage, by reason of the occupation of same by plaintiff in error, in the sum of one hundred dollars, and that the reasonable monthly value of the rents and profits of said land was one dollar per month. Judgment was entered in accordance therewith. After the usual procedure, the case was brought here for review by a writ of error. There is no formal assignment of errors.

It is contended in the "points and authorities" (1) that the verdict is insufficient to support the judgment, (2) that the verdict is the result of passion and prejudice, (3) that the court erred in refusing to give instruction numbered 3 asked by plaintiff in error.

The verdict is as follows:

"We, the jury in the above entitled cause, being duly impaneled and sworn, do find for the plaintiffs,

and that at the time of the commencement of this suit plaintiffs were the owners of and entitled to the possession of the lands described in the instructions, being situated in the city of St. Louis, State of Missouri, to-wit:'' (Here follows a description of the land, not necessary to be inserted.) ''And we further find that the plaintiffs have sustained damages by reason of the occupation of said lands by the defendant in the sum of $100. And we further find the reasonable monthly value of the rents and profits of said lands to be $1 per month.''

Instruction numbered 3 asked by the defendant, and refused, is as follows:

''The court instructs the jury that before you can find a verdict for plaintiffs in this cause you must find and believe from the evidence that defendant's wall is built upon and occupies some portion of plaintiffs' lot in such a way as to exclude plaintiffs from any and all possession thereof; and even though you find from the evidence that the foundation of defendant's wall projects over the line of plaintiffs' lot, yet if you further find from the evidence that plaintiffs occupy the surface of the ground of their lot up to their line by having placed thereon timbers and tiling and drain pipe, then the court instructs you that plaintiffs cannot recover in this action and your verdict must be for defendant.''

I. Plaintiff in error contends that the verdict is insufficient in that it does not find that the defendant (plaintiff in error) was at the time of the commencement of the action, or at any time, in possession of the thread (two and one-half inches) of real estate in controversy.

The Verdict.

Under section 2389, Revised Statutes 1909, title, ''Ejectment,'' it is provided that: ''To entitle the plaintiff to recovery, it shall be sufficient for him to show that, at the time of the commencement of the

action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof as is declared by this article to be sufficient to maintain the action.''

This section is identical with the eighth section, page 559, 1 Wagner's Statutes 1872, under which it was held in Caldwell v. Stephens, 57 Mo. 589, 596, that a verdict which omitted the finding that the defendant was in possession of the property at the time of the commencement of the action, was insufficient to sustain a judgment; that although ''a general verdict for the plaintiff on the whole cause might have been good; but here only one single fact is found which of itself is not sufficient to authorize a recovery.'' This upon the theory that a special verdict must include all the essential elements laid in the petition to render such verdict responsive to the issues. It is so held elsewhere: Knight v. Roche, 56 Cal. 15, 25; Abbott v. Roach, 113 Ga. 511.

The verdict in the case at bar is in no wise different from that in Caldwell v. Stephens, supra, except that in the former it is stated ''that the plaintiffs have sustained damages by reason of the occupation of said lands by the defendant in the sum,'' etc. This can scarcely be said to be a finding as to the possession of the lands at the time of the commencement of the action save by remote implication. So far as we have been able to ascertain by a careful examination, the rule announced in Caldwell v. Stephens, supra, has never been questioned. In Meier v. Meier, 105 Mo. 411, 433, a judgment was rendered on a verdict similar in its material findings to that in the case at bar, but the omission complained of here was not urged as error in the Meier case, and the verdict, without any reason being assigned therefor, was held to be sufficient. In support of its conclusion the court cited Buse v. Russell, 86 Mo. 209; an examination of not only the opinion but the files in the Buse case, discloses that the

Bimmerle v. Langdeau.

only question raised in regard to the sufficiency of the verdict was as to the description of the premises. A like state of facts appear in Lemmon v. Hartsook, 80 Mo. 13. Neither of these cases, therefore, in any way affects the ruling of the court in Caldwell v. Stephens, supra, and it must be held decisive in construing the statute referred to.

II.   Instruction numbered 3 asked by the defendant and refused by the court, was properly refused, if for no other reason than that it limited the plaintiff's right to the possession of the property in controversy to the surface of the ground, an incorrect statement as to the ownership of realty, which the texts tell us extends from the zenith to the nadir.

*Instruction Refused.*

The instructions given by the trial court correctly declared the law applicable to the case, and the refusal of instruction numbered 3 was, regardless of any other theory, not error. We, therefore, rule this contention against the plaintiff in error.

III.   Forty dollars per front foot was the basis of valuation placed by the testimony on the property where that in controversy is situated; on this basis the two and one-half inches in dispute were worth a little more than seven dollars and fifty cents. The damages were from the very nature of the case difficult to ascertain, if not indeterminable. Under this state of facts, the damages found by the jury were excessive.

*Damages.*

The verdict having been special and failing to find as to all the material issues submitted by the pleadings, the cause must be reversed and remanded, and it is so ordered. *Brown* and *Faris, JJ.,* concur in the result.