STATE OF MISSOURI at the relation of EMERY, BIRD, THAYER DRY GOODS COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and WILLIAM E. KEMP, Judges of the Kansas City Court of Appeals, and AILEEN M. MASTIN.—154 S. W. (2d) 775.

Division Two, October 25, 1941.

*Wright Conrad* and *Dick H. Woods* for relator; *Ryland, Stinson, Mag & Thomson* of counsel.

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for respondents.

652

TIPTON, P. J.—This case comes to the writer on reassignment. It is certiorari to the Kansas City Court of Appeals. Our writ was invoked in a case decided by that court entitled Aileen Mastin v. Emery, Bird, Thayer Dry Goods Company, reported in 140 S. W. (2d) 720, wherein a judgment of $3000, obtained by plaintiff in the circuit court, was affirmed by the respondents. The plaintiff's action was for personal injuries. On November 3, 1938, the plaintiff and her daughter were shopping in relator's store, and decided to descend the stairway from the third floor to the floor below to the rest room. While going down these steps, the plaintiff was caused to trip and fall on account of a defective metal strip on the outside edge of the tread of one of the steps, thereby receiving severe personal injuries. Relator contends that ▌▌ the evidence is insufficient to show negligence on its part and the opinion of the respondents affirming the judgment of the trial court contravenes the controlling decision of this court.

"'On a writ of certiorari to an appellate court, the determination of error, under our decisions, is limited to the finding of a conflict between the Court of Appeals' opinion and the latest ruling opinion of this court on the subject, either as to a general principle of law announced, or as to a ruling under a like, analogous, or similar state of facts. The purpose of certiorari is to secure uniformity in opinions and harmony in the law. [State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014.]' " [State ex rel. Himmelsbach v. Becker, 337 Mo. 341, 85 S. W. (2d) 420.]

On certiorari we are limited to the facts as found in the opinion by the Court of Appeals and to the issues presented to that court. [State ex rel. Silverforb v. Smith (Mo.), 43 S. W. (2d) 1054.]

With these principles in mind, we will proceed to review the alleged conflicts. Respondents state the issue as follows:

. "As to whether or not the testimony of the daughter, Eleanor Jean Mastin, presents an issue of fact as to whether or not the defendant (relator) knew, or by the exercise of due care could have known, of the defective condition of the nosing of the tenth step prior to the time plaintiff fell, presents the vital question from which must be determined the issue of directed verdict presented in defendant's point one."

. Respondents quoted at length from the daughter's testimony. In substance, this testimony was to the effect that she went to her mother after she fell and then went back up the steps to pick up her gloves; she looked at the step and the metal strip had been bent up; it was torn and jagged along the top and there were several little torn places or nicks in it; they were darker than the rest of the metal; there was dirt between the edge of the step and the metal strip that was bent up; the metal strip was thin and looked like brass.

In ruling the cases, respondents said:

"The borderline of liability in respect to situations that present issue of notice presents difficulties. The Supreme Court of Missouri has declared that the issue of notice is raised if the case is one where different minds might reasonably draw different conclusions. [Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S. W. (2d) 58.]"

"The evidence, to the effect that a portion of the metal strip on the step was torn and jagged along the top, and there being dirt under the torn metal strip, and the metal strip where torn looked dirty, we conclude makes an issue of fact for the jury. We therefore hold that refusal of directed verdict was not error."

Relator contends that this ruling permits the jury to pass on the issue of notice by indulging in guess, speculation, and conjecture and is, therefore, in conflict with the controlling case of this court.

The first case that relator contends that respondents contravene is Coble v. St. Louis-San Francisco R. Co., 38 S. W. (2d) 1031. In that case, railroad ties were being unloaded from a box car; a fellow servant was leaning against the ties; another fellow servant lifted up his end of a tie before plaintiff was ready; other ties were caused to roll down the pile in the car. Plaintiff was injured trying to avoid the rolling ties. We held that the act of the fellow servant leaning against the ties was not negligence but the other servant lifting the end of the tie before plaintiff was ready was negligence. However, there was no evidence to show what caused the ties to roll down the pile, and the proximate cause of plaintiff's injury was left to conjecture. Therefore, no submissible case was made for the jury.

In Williams v. Kansas City Terminal Ry. Co., 288 Mo. 11, 231 S. W. 954, the plaintiff slipped on wet steps. The defendant had equipped these steps with safety tread which was supposed to afford

a firm footing even though wet. They became wet, presumably from the wet and muddy shoes and dripping umbrellas of the preceding passengers. There was no evidence defendant knew of this condition. We held there was no case made for the jury.

In the case of McKeighan v. Kline's, Inc., 339 Mo. 523, 98 S. W. (2d) 555, plaintiff in that case sustained injuries when she slipped in defendant's sloping vestibule because of oil trailed onto the vestibule floor by customers' feet. There was no physical evidence that the oil had been on the floor for any appreciable length of time. We held that the burden was on the plaintiff to show the length of time that condition had existed and that matter was left wholly to conjecture.

In the case of State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S. W. (2d) 99, we held the fact that there were dark and bruised vegetable stalks and leaves on the floor causing plaintiff to fall was not evidence as to how long they had been there. They may have been dropped upon the floor a second or two before plaintiff fell.

We do not believe that the opinion of respondents contravenes the ruling of the above case. In each of the above cases, the circumstance causing the injury could have existed for only a very short time. Although the thing that caused the injury in the case under discussion was the defective condition of the brass strip on the step, the darker appearance of the torn and jagged part of this brass strip was some evidence this condition had existed for a long time. In fact, the relator in its brief admits: ". . . it is not unreasonable to suppose that the nosing was torn or split long before November 3, 1938."

But relator contends it was necessary for plaintiff to have shown that this metal strip was bent up for such a length of time that it would have been constructive notice to relator. There is nothing in the above cases so holding.

The respondents found that the plaintiff did show that the metal strip where she walked was torn, jagged and in a defective condition, and the reasonable inference is that this condition existed for an appreciable length of time. We think respondent followed our ruling in the case of Scherer v. Bryant, 273 Mo. 596, 201 S. W. 900, where we said:

". . . An act is negligent when in the circumstances some injury to some one reasonably may be foreseen as a reasonable consequence. This being shown, liability attaches 'for anything which, after the injury is complete, appears to have been a natural and probable consequence.' "

It is not necessary that the particular injury must have been foreseen. We cannot say that a reasonable person would not remove this defective metal strip and replace it with a new one. The facts as

stated in respondent's opinions are also analogous to our cases of Doyle v. St. Louis Merchant's Bridge Terminal Ry. Co., 326 Mo. 425, 31 S. W. (2d) 1010, and Harrison v. St. Louis-San Francisco Ry. Co., 339 Mo. 821, 99 S. W. (2d) 841, wherein we held plaintiff made a submissible case.

Respondent's opinion does not violate our ruling against piling an inference upon an inference.

We do not think facts stated in respondent's opinion are analogous or similar to the facts in the cases relied upon by the relator. Nor does respondent's opinion contravene any general principle of law announced by us.

It follows that our writ heretofore issued should be quashed. It is so ordered. All concur.