STATE OF MISSOURI, at the Relation of W. T. JOHNSON, Relator, v. DAVID E. BLAIR, ROBERT J. SMITH, and JAMES F. FULBRIGHT, Judges of the Springfield Court of Appeals.—No. 38506.—174 S. W. (2d) 851.

Division One, November 1, 1943.

Phil M. Donnelly for relator.

1074

*Bradshaw & Fields* for respondents.

DALTON, C.—This is an original proceeding in certiorari to quash for alleged conflict the opinion of respondents in the case of Ashenhurst v. Johnson (Mo. App.), 167 S. W. (2d) 397.

Respondents stated that the cause before them was one in ejectment for possession of certain real estate in Lebanon, Laclede County; and that an answer and reply had been filed in the cause, and the cause tried to the court without the aid of a jury and without declarations of law to show the theory on which it was tried. The trial court found the issues for plaintiff.

Respondents stated the facts, as follows: "In November, 1936, T. H. Casey and wife, the then owners of the premises here involved, executed and delivered to appellant their five-year lease of the premises involved, which lease contained the following provision:

" 'It is agreed that the second party (appellant) shall have the right to lease said described property at the end of this term of lease for another term, provided that first parties, their heirs or assigns, and second [853] party can agree on rental terms; and if said parties do not agree, the second party agrees to vacate said described property at the expiration of this lease.' . . .

"Defendant entered into possession of the premises and, on June 28, 1941, Casey and wife served written notice on defendant, which provided as follows:

" 'This will notify you that we will lease the above described building and premises to you for another term of three (3) years or five (5) years, at your option, for a rental of One Hundred Twenty-five Dollars ($125.00) per month, payable monthly in advance.

" 'We are giving you this notice at this time so that you will have plenty of time to decide whether or not you want to lease this building and premises for another term at One Hundred Twenty-five Dollars ($125.00) per month.

" 'If you decide to not lease this building and premises for another term at One Hundred Twenty-five Dollars ($125.00) per month, then we will expect the possession of the building and premises on November 13, 1941, the date of the expiration of our present lease.'

"This notice for an increase in rent was not immediately accepted by defendant and he came back with a counter-proposition which we do not think was ever unqualifiedly accepted by the Caseys at that or any other time. On about October 3, 1941, Mrs. Mildred Ashenhurst (respondent here) purchased the premises from the Caseys. There is no dispute that Mrs. Ashenhurst was the owner of the premises, the assignee, when the lease executed by the Caseys expired by its terms on November 13, 1941, or at the time the suit was instituted on December 24, 1941. On October 21, 1941, plaintiff, Mrs. Ashenhurst, served notice on defendant Johnson to vacate the premises on November 13, 1941, the date of the expiration of said lease. On November 10, 1941, defendant served on Mrs. Ora Casey, T. H. Casey and respondent, Mrs. Mildred Ashenhurst, a notice of which the following was a part, to wit:

" 'You and each of you are therefore notified that I accept and exercise the right and option contained in said lease dated November 13th, 1936, wherein it was agreed that I shall have the right to lease said described property at the end of the term of said lease for another term.

" 'You and each of you are hereby notified that I will lease said described property, building and premises from you for another term of five (5) years commencing on November 14th, 1941; and you

are notified that I will pay to you as rental for said described property, building and premises, during said period of five (5) years from November 14, 1941, the sum of One Hundred Twenty-five Dollars ($125.00) per month, the amount stated by Mrs. Ora Casey and T. H. Casey in their written notice to me dated June 28th, 1941, and that I will pay said rent monthly in advance during said term of five years.

" 'You and each of you are further notified that I will comply with all the other terms and provisions of the original lease dated November 13, 1936, and that said terms and provisions, including the rental of One Hundred Twenty-five Dollars ($125.00) per month commencing November 14, 1941, for a term of five (5) years from November 14, 1941, can be incorporated in a new lease or endorsed by proper endorsement on the back of the original lease.'

"Mrs. Ashenhurst subsequently refused to accept from defendant checks dated November 11, 1941, and December 11, 1941, for $125.00 each, as rent on said premises after November 13, 1941," and brought suit in ejectment against defendant.

Respondents affirmed the judgment for plaintiff and assigned the following reasons:

"The notice to T. H. Casey and wife on November 10, 1941, was absolutely ineffectual, if, for no other reason, because the Caseys had no interest whatever in the premises at that time, and appellant knew it. Respondent was then the assignee. There is no sufficient evidence in the case that, even when, or at any time after, the Caseys served notice of increase of rent on defendant, the Caseys agreed to take $90.00 and a certain percentage over that as their rent, and on November 10, 1941, they had no power to bind their assignee. There is not the slightest evidence that Mrs. Ashenhurst (the respondent), as purchaser from the Caseys before the lease expired, and before appellant gave such notice, ever made any agreement whatever with appellant as to future tenancy of the premises or the rent therefor. The trial court was justified in finding that appellant waited too [854] long to accept the proposition of the Caseys, if he so found."

█ Relator insists that Mrs. Mildred Ashenhurst purchased the described real estate by a deed containing the following provisions: "This deed is made . . . subject to the lease between the grantors and W. T. Johnson who now occupies same as the present tenant." No deed or contract is mentioned or referred to in respondents' opinion. Even if a deed containing such a provision was executed, it may not be considered. State ex rel. St. Louis Public Service Company v. Becker, 334 Mo. 115, 66 S. W. (2d) 141, 146. Had a deed been mentioned or referred to we could consider its terms. State ex rel. Brotherhood of Locomotive Firemen & Enginemen v. Shain, 343 Mo. 666, 123 S. W. (2d) 1. In any case, the matter is not decisive on any issue here.

Relator contends that the acceptance by Johnson on November 10, 1941, of the written proposal of the Caseys, dated June 28, 1941, "constituted a completed contract." Relator further says that this court has announced a principle of law, to wit, that a binding contract may be concluded by the proposal of one party and the acceptance of the other; and that respondents' decision, supra, contravenes the following latest controlling opinions of this court announcing the said principle of law. Lungstrass v. German Insurance Co., 48 Mo. 201, 204; Strange v. Crowley, 91 Mo. 287, 295, 2 S. W. 421; Taylor v. Von Schroeder, 107 Mo. 206, 225, 16 S. W. 675; Scott v. Davis, 141 Mo. 213, 225, 42 S. W. 714; Chapin v. Cherry, 243 Mo. 375, 401, 147 S. W. 1084; State ex rel. Equitable Life Assurance Society v. Robertson (Mo. Sup.), 191 S. W. 989, 991; Suhre v. Busch, 343 Mo. 170, 120 S. W. (2d) 47, 54. In determining the issue of conflict, we may, of course, ignore respondents' conclusion of no contract between Johnson and either the Caseys or Mrs. Ashenhurst, if the facts stated in the opinion show such a contract as a matter of law. State ex rel. Kansas City Southern R. Co. v. Shain, 340 Mo. 1195, 105 S. W. (2d) 915, 920 (9, 10).

Does respondents' opinion conflict with said controlling decisions? We are concerned only with the question of conflict. State ex rel. Thompson v. Shain, 349 Mo. 1075, 163 S. W. (2d) 967, 969; State ex rel. Public Service Commission v. Shain, 342 Mo. 867, 119 S. W. (2d) 220, 222. Relator takes the position that the original lease granted Johnson the option to renew for a further term; that the lease contained "a clause for renewal"; that "the Caseys proposal was a continuing proposal," submitted pursuant to the terms of the lease; that the proposal "was not withdrawn; and that relator had the right to accept or reject it at any time before November 13, 1941, the date of the expiration of his original lease." Relator says that the "acceptance was unconditional and in exact accordance with the proposal;" that the acceptance was "effectual," not "ineffectual;" and that the proposal and acceptance constituted a completed contract.

We now consider the facts stated by respondents with relation to the contentions made by relator. Did the original lease contain an agreement for renewal? The lease provided for renewal only in the event "that first parties, their heirs or assigns, and second party can agree on rental terms." It expressly provided that "if said parties do not agree, the second party agrees to vacate said described property at the expiration of this lease." It is apparent that the original lease did not constitute a contract for renewal, nor grant an option to renew for a further term. No terms for renewal were agreed upon. All terms were subject to future negotiation. No method was provided for the determination of terms. The provision for renewal, if the parties could "agree on rental terms," was void under the statute

of frauds. Sec. 3354, R. S. 1939, Mo. R. S. A., Sec. 3354; Crane v. Berman (Mo. App.), 297 S. W. 423; 32 Am. Jur. (Landlord & Tenant), Sec. 958.

Was the proposal for renewal, as submitted by the Caseys on June 28, 1941, a continuing proposal which the lessee had a right to accept or reject at any time prior to the expiration of the lease on November 13, 1941? The terms of the original lease imposed no legal duty on either party to submit proposed terms for a renewal. The form of the proposal by the Caseys did not purport to be a grant upon consideration of an option to renew the lease at any time prior to November 13, 1941. So far as appears from the record, the proposal was a mere voluntary offer, submitted without consideration and under no contractual duty, and it could be withdrawn at any time before acceptance. Gillen v. Bayfield, 329 Mo. 681, 46 S. W. (2d) 571, 575; 17 C. J. S. Contracts, Sec. 50.

Was the offer of the Caseys open for acceptance on November 10, 1941? Respondents stated the facts to be that Johnson, after June 28, 1941, "came back with a counter proposition," which was not accepted at any time; that Mrs. Ashenhurst purchased the real estate (which was subject to the lease); that thereafter "the Caseys had no interest whatever" therein, as Johnson knew; that Mrs. Ashenhurst on October 21, 1941, notified Johnson to vacate the premises at the end of his term; and that all had happened prior to the time the alleged notice of acceptance was given by Johnson to the Caseys and to Mrs. Ashenhurst on November 10, 1941. The counter proposition of Johnson was, in legal effect, a rejection of the Caseys' offer, and the offer was no longer open for acceptance. Southern Real Estate & Finance Co. v. Park Drug Co., 344 Mo. 397, 126 S. W. (2d) 1169, 1172; Egger v. Nesbitt, 122 Mo. 667, 675, 27 S. W. 385; Bokern v. Loud (Mo. App.), 108 S. W. (2d) 1049, 1051; 17 C. J. S. Contracts, Sec. 51; 12 Am. Jur. Contracts, Sec. 36.

Does respondents' holding (that the Johnson notice of acceptance, dated November 10, 1941, "was absolutely ineffectual") squarely conflict with the controlling decisions of this court, supra, holding that a contract results from an offer and an acceptance? Relator points out that the opinion recites the notice was served upon Mrs. Ashenhurst, as well as upon the Caseys, and then says that Mrs. Ashenhurst purchased the property subject to the lease; that she was bound by the Caseys' proposal and by the Johnson notice of acceptance; that the notice was effectual to make a completed contract; and that respondents' refusal to so hold contravenes the said decisions. We think the observations, supra, dispose of these contentions. The original lease contained no valid covenant for renewal which could run with the land. The offer of terms for a renewal of the lease was a voluntary offer, not a continuing proposal necessarily remaining open until the end of the term. It could be withdrawn, or rejected.

Johnson was granted no binding option to renew the lease prior to its expiration. His counter proposition was a rejection of the offer, and such offer was not, thereafter, subject to acceptance against either the Caseys or their grantee, Mrs. Ashenhurst. The decisions relied upon by relator are not applicable to the facts stated in respondents' opinion, because there was no outstanding offer available for acceptance when the acceptance was attempted by Johnson. Respondents' holding of no contract between Johnson and either Caseys or Mrs. Ashenhurst does not conflict with said decisions. Likewise, there is no conflict with the decision in the case of Arnot v. Alexander, 44 Mo. 25, because in the case considered by respondents there was no enforceable agreement to renew. The Arnot case was a suit for the specific enforcement of a covenant to renew a lease. The lease provided: ''If this lease shall not be terminated by forfeiture or any other cause before the expiration of the five years, then said lessee or his legal assigns shall be entitled to a renewal of the same for five years longer; provided said parties can agree upon terms, or that said lessee is willing to give as much as any other responsible party will agree to give.'' Lessee sought a renewal and the cause was defended on the theory that the covenant was vague and uncertain. This court said: ''The uncertainty and indefiniteness complained of, upon which the defense is rested, are supposed to attach to the provision respecting the *quantum of rent* to be reserved for the renewal term of the lease.'' (Italics ours.) The words used in the lease were then ''construed by the court to mean that the lease should be renewed at the rentable market value of the leased premises, and the contracting parties not having specified any mode for the ascertainment of such value, it was held that it was competent for the court to ascertain it.'' City of St. Louis v. St. Louis Gaslight Co., 70 Mo. 69, 111. A decree for specific enforcement was affirmed. Respondents' holding on the facts before them does not conflict with the decision of this court in the Arnot case.

Relator next contends that in failing to hold that the Caseys' offer was a continuing proposal, open for acceptance until the end of the term, respondents contravened the decision of this court in the case of Lively v. Tabor, 341 Mo. 352, 107 S. W. (2d) 62, 66. Relator further cites Rutledge & Taylor Coal Co. v. Mermod, Jaccard & King Jewelry Co., 209 Mo. App. 292, 1. c. 301, 237 S. W. 849; American Press v. St. Louis, 314 Mo. 288, 1. c. 301, 284 S. W. 482; Stout v. North, 211 Mo. App. 245, 1. c. 254, 242 S. W. 119; and 17 C. J. S., Contracts, Sec. 450, p. 929.

In the Lively case this court said: ''The principle of law upon which an option contract is based 'is that the bond or conditional covenant to convey upon the option of the lessee or vendee is a continuing offer on the part of the vendor or owner, until accepted within the time and on the terms limited in the option, and, when

accepted, it becomes a valid agreement, supported by mutual promises of competent parties.'" However, the proposal of the Caseys, as appears, was a mere voluntary offer, not an option contract; and there was no binding contract of any kind to hold the offer open. The offer could be rejected or withdrawn at any time and be no longer open to acceptance. On the facts stated in respondents' opinion it was rejected and, therefore, not open for acceptance when acceptance was attempted. Because of the difference in the facts ruled the opinion of respondents does not conflict with the decision in the Lively case.

We must now consider the reasons assigned by respondents for their holding that there was no contract for a renewal of the lease. Relator merely complains that the respondents' holding itself conflicts with our decisions, not that the grounds for such holding conflict. If, however, it appears that respondents in assigning the reasons for such holding have contravened controlling decisions of this court, it is immaterial that relator does not complain thereof. State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014, 1016. It will be noted that respondents held the notice (of acceptance) ineffectual as to Caseys, because the Caseys had sold the premises to Mrs. Ashenhurst, and Johnson knew thereof, prior to attempting acceptance. Respondents further said that "the trial court was justified in finding that appellant *waited too long* to accept the proposition of the Caseys, if he so found." (Italics ours.) We do not find that we have ruled the proposition whether a written offer to lease particular real estate can be accepted by the offeree in writing so as to form a binding contract, where the offeror, subsequent to making the offer, sells the real estate and the offeree knows of such sale before attempting an acceptance of the offer. Nor do we find that we have ruled the proposition that such an offer to renew a lease on particular terms, made some four months before the expiration of a five year lease, will expire by lapse of time prior to the termination of the lease term. Nor do we find that we have ruled the issue of a reasonable time under similar circumstances. "The question of the correctness or incorrectness of the Court of Appeals' decision on the merits of the case is of no proper concern of this court" in a certiorari proceeding where no conflict exists. State ex rel. Ocean Accident & Guarantee Corporation v. Hostetter, 341 Mo. 488, 108 S. W. (2d) 17, 19; State ex rel. Fichtner v. Haid, 324 Mo. 130, 22 S. W. (2d) 1045, 1048.

Relator finally contends that the opinion is in conflict with the controlling decision of this court in Bimmerle v. Langdeau, 258 Mo. 202, 206, 167 S. W. 532, and in Caldwell v. Stephens, 57 Mo. 589, 596, which hold "that a verdict which omitted the finding that the defendant was in possession of the property at the time of the commencement of the action, was insufficient to sustain a judgment." Relator says that the judgment in the case at bar failed to comply

with said decisions, but conflicts therewith, and that the entry of a judgment was a part of the record proper, which certiorari brings up for the purpose of determining jurisdictional questions. In this particular, relator relies upon the case of State ex rel. Terminal Railroad Ass'n. v. Hostetter, 342 Mo. 859, 865, 119 S. W. (2d) 208, 211, as follows: "There is no doubt about the fact that this court can quash an opinion of the judges of a Court of Appeals where they lacked jurisdiction to render the particular judgment in the cause, regardless of whether the opinion conflicts with our own cases. [State ex rel. Clark v. Shain, 343 Mo. 66, 119 S. W. (2d) 971.] And for that purpose we may examine the record proper of the Court of Appeals for such errors although they are not disclosed in the opinion of the judges. While we must go to the opinion for the evidentiary facts when certiorari is sought on the ground of conflict in opinions, yet conflict of opinions is only one species of jurisdictional excess, made so by Section 6, Constitutional Amendment of 1884, and reviewable by certiorari under Section 8 of the same amendment."

In the Bimmerle case the court considered a special verdict "failing to find as to all the material issues submitted by the pleadings." A similar verdict was considered in the Caldwell case. The rule announced in these cases has no application where there has been a general finding. [857] The record in the case considered by respondents shows that the trial court found the defendant "guilty of the trespass and ejectment in the petition alleged," determined the amount of damages, fixed the monthly value of rents and profits and entered judgment for possession, with an order that execution be issued to restore possession to plaintiff. Respondents had jurisdiction of the cause on appeal. No conflict with our decisions appears on the face of the record concerning any issue ruled by respondents. State ex rel. and to the use of Breit v. Shain, 342 Mo. 1148, 119 S. W. (2d) 758; State ex rel. Emery, Bird, Thayer Dry Goods Co. v. Shain, 348 Mo. 650, 652, 154 S. W. (2d) 775.

Our writ was improvidently issued and should be quashed. It is so ordered. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.