**UNITED STATES of America, Plaintiff,**

v.

**518.77 ACRES OF LAND, MORE OR LESS, SITUATE IN HENRY COUNTY, STATE OF MISSOURI; and Williams Rock Mining Company, Inc., et al., Defendants.**

Civ. No. 79–0483–CV–W–1.

United States District Court,
W. D. Missouri, W. D.

Aug. 30, 1982.

Robert G. Ulrich, U. S. Atty., Linda Parker, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Joseph R. Borich, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDERS ISSUING PRETRIAL RULINGS

JOHN W. OLIVER, Senior District Judge.

This condemnation case pends on plaintiff's motion for pretrial rulings filed June 22, 1982.[1]

As posed by plaintiff and adopted by defendant, Williams Rock Mining Company, Inc., the questions presented for pretrial ruling are:

1. Is the 10-year option provision in the Hann-Goodbrake lease unenforceable, so that the lease expires June 16, 1983?
2. Does the option in the Hann-Goodbrake lease for the lease of underground storage space expire with the lease on June 16, 1983?
3. After June 16, 1983, for purposes of valuation, can Williams Rock Mining Company utilize the Hann-Goodbrake land for any mining purposes, including use of the surface or subsurface for machinery, equipment, crushing, stockpile, hard road and removal of limestone?
4. Is the mine face an improvement for valuation purposes?
5. Do the Thompson and Schmidt leases expire January 1, 1986, with an enforceable option to renew for an additional 10-year period, which would extend the leases to January 1, 1996?

For clarity's sake, we now state our answers to these questions as follows:

1. Yes.
2. Yes.
3. No.
4. No.
5. Yes.

I. *Is the 10-year option provision of the Hann-Goodbrake lease unenforceable, so that the lease expires June 16, 1983?*

On page 2 of the Hann-Goodbrake lease (plaintiff's exhibit I, defendants' exhibit C), defendant-lessee is provided with an option as follows:

Second party shall have the *first option*, at the termination of this lease, *to lease* above lands for an additional period of ten (10) years, *the terms, conditions and royalty to be paid to be agreed upon between the parties at that time.* (emphasis added)

*United States v. Petty Motor Company*, 327 U.S. 372, 380 n.9, 381, 66 S.Ct. 596, 601 n.9, 601, 90 L.Ed. 729 (1946) (*citing, Emery v. Boston Terminal Co.*, 178 Mass. 172, 185, 59 N.E. 763 (1901) (Holmes, C. J.)) states the general rule that a lessee's right of renewal is compensable in a condemnation proceeding "if such right continues under [state] law", but a mere expectancy of renewal is not compensable. *See Scully v. United States*, 409 F.2d 1061 (10th Cir. 1969) (accord).[2] The question presented, therefore, is whether the above quoted provision of the 1973 Hann-Goodbrake lease is valid and enforceable under Missouri law.

Plaintiff cites the following cases which hold, under applicable Missouri law, that a contract, to be enforceable, must evince a meeting of the minds, with its essential terms either certain or capable of being rendered certain: *Sweetarts v. Sunline, Inc.*, 423 F.2d 260 (8th Cir. 1970); *John Deere Co. v. Short*, 378 S.W.2d 496 (Mo. 1964); *Brown v. Childers*, 254 S.W.2d 275 (Mo.App.1953); and, that a court will not create a contract for the parties, *Kleinheider v. Phillips Pipe Line Co.*, 528 F.2d 837

---

1. The complaint in this case was filed on May 30, 1979. Now, for the first time, three years later, plaintiff has moved for pretrial rulings. Plaintiff's delay, for which the Court has received no explanation, has delayed the trial of this case from its original trial setting of July 12, 1982. With justice defendant complains of the delay. However, defendant also recognizes the necessity for these rulings prior to reference of this case to the Land Condemnation Commission for trial at the earliest available date.

2. We agree with plaintiff that *Almota Farmers Elevator and Warehouse Co. v. United States*, 409 U.S. 470, 476, 93 S.Ct. 791, 795, 35 L.Ed.2d 1 (1973) is distinguishable. Defendant does not argue to the contrary.

(8th Cir. 1975). *See also Eckles v. Sharman,* 548 F.2d 905 (10th Cir. 1977) (interpreting similar California law as to option in basketball employment contract.)

Plaintiff contends the option clause must fail, as it expressly states, that "the terms, conditions and royalty to be paid [are] to be agreed upon between the parties at that time," *i.e.,* upon exercise of the option; and, for a court to supply the missing terms, would contravene the statute of frauds, § 432.010, R.S.Mo. and cases decided thereunder. *E.g. National Refining Co. v. McDowell,* 201 S.W.2d 342 (Mo.1947); *Kelly v. Thuey,* 143 Mo. 422, 45 S.W. 300, (Mo.1898); *Ringer v. Holtzclaw,* 112 Mo. 519, 20 S.W. 800, (Mo.1892).

Defendant has "no real argument" with the cases cited by plaintiff, but contends "that the Government has misinterpreted the wording of the option and has failed to recognize that language for what it truly is, that is, *'a right of first refusal'*" (emphasis supplied). Defendant cites *Cities Service Oil Co. v. Estes,* 208 Va. 44, 155 S.E.2d 59, 62 (1967), which distinguished "a right of first refusal" from an "absolute option", in that a right of first refusal does not entitle a lessee to compel an unwilling lessor to sell, but requires the lessor, when and if he decides to sell, to offer the property first to the lessee. *See also* Annot., 34 A.L.R.2d 1158 (1954); 49 Am.Jur. L & T Sec. 368, pp. 384–86; 91 C.J.S. Ven. & Pur., Cumm. Supp., Sec. 19.1 p. 177 (1981); Annot., 127 A.L.R. 894 (1940) and 117 A.L.R. 1095 (1938).

In support of its contention that "the presence of the word 'first' in the first clause [of the above quoted provision of the Hann-Goodbrake lease] is the determinative clue that this language is in legal effect not an option, but a right of first refusal", defendant cites *Stein v. Reising,* 359 Mo. 804, 224 S.W.2d 80 (Mo. banc 1949). *Stein* held that the word "first" in an option clause providing that "Lessee will be given

a first option to purchase property", renders the option conditional or preferential and not absolute. Defendant also quotes extensively from *Barling v. Horn,* 296 S.W.2d 94 (Mo.1956) and *Beets v. Tyler,* 365 Mo. 895, 290 S.W.2d 76 (1956) both of which held, in somewhat different factual circumstances, that a right of first refusal, which does not specify the price, may be specifically enforced in favor of the lessee to prevent sale to a third party.

We are satisfied that none of the cases cited by defendant is apposite, because the quoted provision of the Hann-Goodbrake lease cannot reasonably be characterized as a "right of first refusal". A right of first refusal, which omits the price term, is not indefinite because "such objection is met when the optionor fixes a price at which he is willing to sell. The option, if adequate in other respects, thereupon becomes a definite offer, which, when accepted by the optionee, ripens into a mutually binding contract, specifically enforceable." *Barling v. Horn, supra (quoting Brenner v. Duncan,* 318 Mich. 1, 27 N.W.2d 320, 321).

■ The clause in the case at bar is unambiguous. It neither expressly nor impliedly refers to any transaction between the lessor and a third party. It purports to create a conditional option to renew the lease. However, because the essential terms of the option are expressly left open for future negotiation, the clause creates merely an agreement to agree and is unenforceable under Missouri law.[3]

The cases cited by plaintiff thus are applicable to the case at bar. Although there are some jurisdictions which apparently hold to the contrary, Missouri adheres to the majority view "that a renewal covenant, or an option to renew in a lease, which leaves the renewal rental to be fixed by future agreement between the parties is unenforceable for uncertainty and indefiniteness," Annot. 166 A.L.R. 1239 (1947). *State ex re Johnson v. Blair,* 351 Mo. 1072,

---

**3.** To its suggestions in opposition to government's motion for pretrial rulings, defendant has appended the affidavits of Bessie Mae Goodbrake and Mary Ellen Hann. Resort to those affidavits would be inappropriate as we find that the option clause itself is unambiguous.

174 S.W.2d 851 (1943), cited on page 1238 of that annotation, was most recently followed in *Rosenberg v. Gas Service Co.*, 363 S.W.2d 20 (Mo.App.1962).

Having concluded that the "renewal option" is unenforceable under Missouri law, plaintiff's first question falls within the second holding of *Petty Motor Co., supra,* that a mere expectation of renewal is not compensable in a condemnation proceeding. Accordingly, plaintiff's first requested pretrial ruling is answered in the affirmative.

II. *Does the option in the Hann-Goodbrake lease for the lease of underground storage space expire with the lease on June 16, 1983?*

■ Also on page 2 of the Hann-Goodbrake lease, lessee is given an option to lease underground storage space, as follows:

At any time during the lease or any extension thereof, the second party will have the option to lease the underground storage space where the property has been mined for the purpose of developing a storage site. If the second party desires to exercise this option it shall give written notice to the first parties notifying them that they desire to exercise the option to lease the open mine for storage purposes. The second party will develop the storage area and second party will pay to the first parties five cents on every dollar that they receive in rental charges on the area rented by the second party. The term of this rental lease shall be for ninety-nine (99) years from the time of exercising the option."

Neither party contends the storage option is unenforceable; defendant acknowledges that the answer to plaintiff's second question depends upon the validity of its argument with respect to the first. Since we have held that the "first renewal" option is unenforceable, it follows that the storage option, which has not yet been exercised, will expire with the underlying lease on June 16, 1983. Accordingly, the second question is answered in the affirmative.

III. *After June 16, 1983, for purposes of valuation, can Williams Rock Mining Company utilize the Hann-Goodbrake land for any mining purposes, including the use of the surface or subsurface for machinery, equipment, crushing, stockpile, hard road and removal of limestone?*

■ In this question plaintiff invites a ruling that the "underground storage space" option cannot be interpreted to include the mining operations contemplated by the underlying lease. Here again, defendant concedes that "the answer to this request lies with the interpretation of the renewal language discussed in Point II [Point I herein] of these suggestions". This question is answered in the negative.

IV. *Is the mine face an improvement for valuation purposes?*

■ We answer this question in the negative, insofar as it purports to ask whether the mine face, as an improvement, must be separately valued from the lease as a whole. However, both plaintiff and defendant recognize, that the mine face on the leased property could be said to contribute to the market value of the underlying lease as a whole. To that extent only, it may be compensable in this proceeding.

V. *Do the Thompson and Schmidt leases expire January 1, 1986, with an enforceable option to renew for an additional 10-year period, which would extend the lease to January 1, 1996?*

■ The two provisions at issue state: Lessee shall have the option to extend this lease for an additional 10-years on the same terms and conditions, by notifying the lessors of its intention to renew the same at least 30 days prior to the termination of this lease. (Plaintiff's exhibits 2 and 3).

Both plaintiff and defendant agree that the above question should be answered in the affirmative and it is so answered.

VI.

Accordingly, it is

ORDERED (1) that the Land Condemnation is directed in accordance with the following pretrial rulings:

(a) The ten-year option provision in the Hann-Goodbrake lease is unenforceable, so that the lease expires June 16, 1983. The Hann-Goodbrake lease should not be accorded a value beyond that date on the expectation that it may have been renewed.

(b) The option in the Hann-Goodbrake lease for the lease of underground storage space expires with the lease on June 16, 1983.

(c) After June 16, 1983, for purposes of valuation, Williams Rock Mining Company cannot utilize the Hann-Goodbrake land for any mining purposes, including use of the surface or subsurface for machinery, equipment, crushing, stockpile, hard road and removal of limestone.

(d) The mine face is not an improvement for valuation purposes apart from the extent to which it may be said to contribute to the market value of the underlying lease as a whole.

(e) The Thompson and Schmidt leases expire January 1, 1986, with an enforceable option to renew for an additional ten-year period, which would extend the leases to January 1, 1996.

It is further

ORDERED (2) that this case should be set for trial before the Land Condemnation Commission at the earliest available date.